Westfall *v.* Peacock.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 4, 1872. *Johnson, Talcott* and *Barker,* Justices.]

WESTFALL *vs.* PEACOCK.

63 209
147a 236
63b 209
150ad344

A vendor of chattels, upon the refusal of the purchaser to complete the contract, on his part, by paying over the purchase money, has an election, and may resort to one of three remedies: 1st. Upon tendering the property, and after giving the buyer a reasonable time to accept and pay for the property, the seller may regard the contract as abandoned by the purchaser, he being put in default by his refusal to pay. Then the vendor may sell the property as his own, and apply the proceeds to his own use. And it is wholly immaterial, to the buyer, whether, on such sale, the property brings more or less than the contract price, or is sold above or below its value. 2d. The seller may retain the possession of the property, as his security, and sue the purchaser for the contract price. When such payment is enforced and complete, the vendee is entitled to the possession of the property. Or, 3d. The vendor may resell the property, upon giving notice to the vendee, of his intention to do so, and after applying the net proceeds towards payment of the contract price, may sue the purchaser for any balance that then remains unpaid. If more is realized than is due the vendor, he must account to the purchaser for the surplus.

When a vendor pursues the vendee, by action, to recover the whole or a balance of the purchase money, he is acting in affirmance of the contract, and counts upon it.

And having made his election of remedies, by bringing such an action, he has no right, thereafter, to resell the property, or to disaffirm the contract and reclaim the property.

The remedies given to a vendor, upon the refusal of the purchaser to take and pay for the property, are not concurrent. The choice between them having been made, the others are gone forever.

THIS action was tried at the Cayuga circuit in October, 1871, before Hon. H. A. Foster, then one of the justices of this court.

The cause of action set forth in the complaint was for the purchase price of personal property, alleged to have been sold and delivered, by the plaintiff, to the defendant—being a horse, buggy and harness—at the price of $385, of which $35 was paid down at the time of the making of the contract. The answer denied the allegations of the complaint, and alleged that the sale was upon conditions which had not been performed.

The case shows that the plaintiff was the owner of the property, and had the same in the village of Auburn on the day named in the pleadings, and offered to sell it to the defendant, who inspected the same at a barn attached to a public house where the plaintiff was stopping as a guest. The parties agreed upon the price, $385, and the defendant paid down $35. An arrangement was made by which the plaintiff was to drive the horse, with the buggy and harness, to his own home, some twenty miles distant, and get the horse shod and deliver the property to the defendant, in Auburn, on the third day thereafter. On the day named, the plaintiff drove the horse to the defendant's stable, and tendered it to the defendant, and demanded the balance of the purchase money. The defendant refused to receive the horse, claiming it was not sound, as bargained for, and hitched it to a post in the streets of the city.

On the same day this action was commenced. After the action was commenced, and on the same day, the plaintiff saw the horse, harness and wagon in the street, standing at the place where the defendant had hitched the horse, the early part of the day. A policeman required that the horse be removed and cared for. Thereupon, the plaintiff took the horse, harness and buggy and drove it to an inn, in the city, and had the horse cared for. The next day, or the one thereafter, he took the property from the inn to his own home, and had it in his possession at the time of the former trial of this action; and he so retained it

in his possession, until the 21st of May, 1870. On that day he sold the property at public auction, having given the defendant a notice of such sale, in writing, of which the following is a copy:

" To JAMES H. PEACOCK,

Please take notice that, on Saturday, the 21st day of May, 1870, at 12 o'clock noon, of that day, I shall sell at public auction, at my late residence in the village of Moravia, Cayuga county, N. Y., a certain sorrel mare, single harness and covered buggy, in my possession and belonging to you, unless you shall come, on or before that time, and redeem said property by paying the balance of such purchase price remaining unpaid.

JOHN V. WESTFALL.

Auburn, May 13, 1870."

At such sale the property brought the sum of $287.

The plaintiff gave proof tending to show that the contract was completed, on the day the negotiations were opened and the $35 earnest money paid. The defendant's counsel then moved for a nonsuit, on the grounds:

1st. That there was no evidence of delivery and acceptance of the property in question, by the defendant.

2d. That the plaintiff having afterwards taken, sold and converted the property in question, he could not maintain this action.

The motion was denied, and the defendant excepted.

The case states that it was conceded, by the counsel for the respective parties, that the fact of the sale of the property at auction, by the plaintiff, and the expenses attending its keeping, should be laid out of the case by the jury, except so far as it should bear upon the question of whether the negotiations between the parties, on Monday, resulted in an executed contract.

The court, in a charge not excepted to by the defendant, submitted to the jury the question, whether the con-

tract made on Monday, the day the negotiations were had, was an executed contract, or not; if it was, then the title to the property passed to the defendant, and the plaintiff was entitled to recover the balance of the purchase money; if they found it was not an executed contract, then the plaintiff could not recover.

The jury rendered a verdict for the plaintiff, for the sum of $400.60, and the defendant appealed from the judgment entered thereon.

*J. T. Pingree,* for the appellant.

*Jas. R. Cox,* for the respondent.

*By the Court,* BARKER, J. The verdict of the jury disposes of the question whether the contract of sale was made and completed or not. The defendant acquiesces in the finding of the jury, as sustained by the evidence, and on this appeal abandons the first ground upon which he moved for a nonsuit.

The appellant now relies upon the proposition, that the act of the plaintiff, in selling the property, was a disaffirmance of the contract of sale, and a reclaiming of the title of the property, and is conclusive against his right to recover, in this or any other action.

The rule of the common law is, when the bargain is made and completed, the title passes to the purchaser, together with the hazards and risks incident to ownership, and the seller may retain the possession until payment is made, though the title is in the buyer. So far as the purchaser is concerned, his right to the possession depends upon payment, and he cannot take the goods, or sue for them, until he performs by making payment. These rules apply to cash sales, without qualification. (2 *Kent's Com.* 492. 1 *Pars. on Cont.* 525.) The vendor, upon the refusal of the vendee to complete the contract on his part, by

paying over the purchase money, has an election, and may resort to one of three remedies:

1. Upon tendering the property, and after giving the buyer a reasonable time to accept the property and pay for the same, the seller may regard the contract as abandoned by the purchaser, he being put in default by his refusal to pay. Then the seller may resell the property as his own, and apply the proceeds to his own use. And it is wholly immaterial to the buyer whether, on such sale, it brings more or less than the contract price, or is sold above or below its value. The vendor, by this step, abandons all right of action, against the vendee, and the latter has none against his vendor, even to recover back the whole or any part of the purchase money advanced on the contract.

2. The seller may retain the possession of the property as his security, and sue the purchaser for the contract price. When such payment is enforced and complete, the vendee is entitled to the possession of the property.

3. The vendor may resell the property, upon giving notice to the buyer of his intention so to do, and after applying the net proceeds towards payment of the contract price, may sue the purchaser for any balance that then remains unpaid. If more is realized than is due the seller, he must account to the buyer for the surplus. (*Sands* v. *Taylor*, 5 *John.* 395. *Bement* v. *Smith*, 15 *Wend.* 497. *Des Arts* v. *Leggett*, 16 *N. Y.* 585. *Pollen* v. *LeRoy*, 30 *id.* 558. *Lewis* v. *Greider*, 49 *Barb.* 606. *Hinde* v. *Whitehouse*, 7 *East*, 558.) When the vendor pursues the vendee by action, to recover the whole or a balance of the purchase money, he is acting in affirmance of the contract, and counts upon the same.

At the time of the commencement of this action, the plaintiff had a cause of action of the form and nature set forth in the complaint. Having made this election of remedies, he had no right thereafter to sell the property,

and the act was a breach of his duty as trustee of the property, if it were not tortious. He is now liable to the defendant, for that act, in a proper action. It is not necessary to decide, in disposing of this appeal, whether the defendant might not, by leave of the court, have, by an amended answer, set up this sale, and asked the plaintiff to account for the proceeds in this action. It does not appear that he made any such request; but from the bill of exceptions it does appear, that all consideration of that view of the case was abandoned, on the trial, by the defendant.

Concede that the pleadings were such that the defendant could urge that the act of the plaintiff in reselling the property, was done in view of abandoning the contract on his part; yet, that was a question of fact to be passed upon by the jury and not by the court, on deciding a motion for a nonsuit. The attention of the court was not called to that question, in submitting the case to the jury.

But the plaintiff, having made his election to affirm the contract and sue for the unpaid purchase money, had no right to resell the property, or to disaffirm the contract and reclaim the property. The remedies given him are not concurrent. The choice between them having been made, the others are gone forever.

Hence it must follow, that the act of selling the property, by the plaintiff, was unauthorized, and if pleaded, would not be a bar to a recovery in this action. (*Morris* v. *Rexford,* 18 *N. Y.* 552.

The judgment appealed from should be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 4, 1872. *Johnson, Talcott* and *Barker,* Justices.]