### CRAGIN v. O'CONNELL et al.

(Supreme Court, Appellate Division, First Department. April 20, 1900.)

1. PLEADING—COMPLAINT—MOTION TO DISMISS.
    A motion to dismiss a complaint for insufficiency is to be regarded as made on the pleadings, and will not be granted where the insufficiency is supplied by the answer.

2. CONTRACT OF SALE—TIME—INDEFINITENESS.
    Where, in a contract for the purchase and sale of shares of stock, there was no fixed time within which the stock was to be taken, the law implies that it should be taken within a reasonable time.

3. SAME—ACTION FOR PRICE.
    A seller of personal property may retain possession of it as security till payment is made, and sue for the contract price.

Appeal from trial term, New York county.

Action by Edwin M. Cragin against James O'Connell and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Michael J. Scanlon, for appellants.
William V. Rowe, for respondent.

PATTERSON, J. The plaintiff sued to recover for the breach of a contract for the sale of 45 shares of the capital stock of the O'Connell & Hillery Lime & Marble-Dust Company. In the complaint the plaintiff sets forth the making of the contract, which was in writing, and states that he "agreed to sell to the defendants forty-five shares of the capital stock of the O'Connell & Hillery Lime & Marble-Dust Company, of the par value of $100 per share, together with any dividends accrued or to accrue thereon, for the sum of $4,500, and interest on said sum at the rate of six per cent. per annum from the dates on which the plaintiff herein purchased said stock to the date of the delivery of said stock to the defendants herein; such agreement to be performed within a reasonable time." The complaint then proceeds to set forth that no dividends were ever paid on the stock;

that the plaintiff has at all times since the making of the contract
been able, willing, and ready to deliver the shares pursuant to the
contract, and at divers times has tendered them to the defendants,
and has frequently made demand upon them to perform their obliga-
tions as in said contract agreed and provided, and, although a rea-
sonable time for the performance of the contract has long since
elapsed, the defendants have wholly neglected and refused, and still
neglect and refuse, to receive the shares and pay for them, except
that $150 was paid in June, 1897, on account of the agreed price.
Judgment was demanded for the balance of the purchase price, with
interest.

There is no specific statement in the complaint that the defend-
ants promised to pay for the shares, and at the opening of the trial
the defendants moved to dismiss the complaint on the ground that
there was no sufficient allegation to charge the defendants with lia-
bility upon a promise. It appears by the complaint that the con-
tract was entered into on the 1st of August, 1896. There are some
allegations in the complaint from which a promise of the defend-
ants might be possibly implied; but, however that may be, the de-
fendants in their answer set out in full a contract made between
the plaintiff and themselves on the 1st of August, 1896, relating to
the purchase and sale of the shares of stock referred to in the com-
plaint, and they say that it was the only contract or agreement made
between the plaintiff in this action and themselves in relation to
the shares of stock mentioned in the complaint. The court declined
to dismiss the complaint for insufficiency, and its ruling in that re-
gard is the first ground of error assigned on this appeal. It may
be doubtful whether this complaint would have stood the test of a
demurrer, and, while a motion to dismiss a complaint for insuffi-
ciency is equivalent to a demurrer, yet the recent decisions of courts
of authority in this state are to the effect that, where insufficiencies
of the allegations of the complaint are supplied by an admission or
other allegations of the answer, the motion to dismiss made at the
commencement of a trial is to be regarded as one made upon the
pleadings. Thus, in Cohu v. Husson, 113 N. Y. 662, 21 N. E. 703,
a motion was made to dismiss the complaint at the opening of the
case on the ground that upon its face it appeared that sufficient facts
to constitute a cause of action were not set forth. That motion was
denied, and the court of appeals said that, while the complaint was
not in compliance with the Code of Civil Procedure, the defect in it
was cured by the answer, in which the facts not appearing in the
complaint were admitted, and that, therefore, even if the complaint
would have been defective if demurred to, that defect was cured by
the answer, and the complaint may, on appeal, be deemed amended.
The same view was taken in Jacquelin v. Association, 39 App. Div.
519, 57 N. Y. Supp. 299, in which the cases relating to the subject
are cited. We think the court was right in refusing to dismiss the
complaint on that ground. The contract is set out in a separate
and independent defense, in which is placed before the court the
identical instrument upon which the plaintiff sues.

It is urged further that a motion to dismiss the complaint at the

close of the plaintiff's case should have been granted for the reason "that the contract sued on and the contract put in evidence was not a contract for sale, but gave an option to the defendants, which they might exercise or not as they chose. They were not obliged to call for the stock, and the contract may be abandoned by them." That is not the true construction of the contract. It is very plain that the parties contemplated an out and out sale and purchase of the 45 shares of stock, the subject of their dealing. Everything required to constitute a binding contract is present in the written agreement. Indefiniteness as to time of performance is the only feature in it which distinguishes it from an ordinary contract of purchase and sale. The plaintiff was bound to deliver at such times as the defendants or either of them might choose to make demand for 5 shares or more, but the defendants were to pay interest upon the whole purchase price until they performed the contract, and $150 was paid on the contract. There was a binding obligation on the defendants' part to take and pay for the shares, and their correspondence in evidence shows their understanding of their obligations. It may be argued that with reference to time of performance the defendants had an option, and hence the plaintiff could not maintain an action on the contract until the defendants exercised their option, which would leave the case in this situation, viz.: A contract obligatory upon the defendants to take the stock and pay for it, but one which, by reason of their option, could run on indefinitely as to time. We think the rule applicable in such a case is that, "there being no fixed time within which the stock was to be taken, the law implies that it should be done within a reasonable time. To hold otherwise would be to make the contract unilateral,— binding the seller, but not the purchaser, as he might never exercise his option." Sanborn v. Benedict, 78 Ill. 309. We think this contract was one which was to have been performed within a reasonable time, inasmuch as the defendants were absolutely bound to purchase and pay for the shares at some time. Nearly a year passed from the making of the contract to the institution of this action. The defendants had in their letters to the plaintiff given excuses from time to time for nonperformance, and made promises relating to performance. The plaintiff made his absolute demands after the allowance of many months. There is no dispute as to the facts, and, under the circumstances, whether the question of reasonable time is one of law or of fact, it was to be passed upon by the court, the case being tried without a jury.

The plaintiff was allowed to recover the contract price, he retaining the shares for and as the property of the purchasers. In Westfall v. Peacock, 63 Barb. 209, it was held that a seller of personal property, upon tendering the property and giving the buyer reasonable time to accept and pay for it, may retain possession of it as security, and sue the purchaser for the contract price, and "that, when payment is enforced and completed, the vendee is entitled to the possession of the property." That rule applies here. No other question discussed requires consideration.

The judgment should be affirmed, with costs. All concur.