### SCOTT v. MILLER.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. CONTRACTS—PLACE OF PERFORMANCE—PAINTING OF PORTRAIT.

Where no place is mentioned in a contract for the painting of a portrait, the place of delivery of the portrait is the artist's studio.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contract, §§ 929–935.]

2. SAME—DELIVERY—PAYMENT.

Where a portrait is painted under contract, there need be no delivery or offer of delivery until payment of the amount due thereon.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 1233–1237.]

3. SAME—WHAT CONSTITUTES ACCEPTANCE AND DELIVERY.

On the completion of a portrait, the person ordering it expressed satisfaction, and gave the artist permission to temporarily keep it for exhibition. Held a constructive acceptance and delivery.

4. SAME—ACTIONS—CONDITION PRECEDENT—DELIVERY—REPUDIATION.

A refusal to pay the amount due for a portrait painted under contract is a repudiation of the contract, authorizing suit without further offer of delivery.

Appeal from Trial Term, New York County.

Action by Margaret Lida Scott against Gertrude B. Miller. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and HOUGHTON, JJ.

I. R. Oeland, for appellant.
Dean Emery, for respondent.

McLAUGHLIN, J. This action was brought to recover a balance of $1,500 alleged to be due the plaintiff for services in painting an oil portrait of the defendant's deceased husband. The defendant by her answer admitted that she engaged the plaintiff to paint the portrait, and agreed to pay her the reasonable value of the services performed. When the portrait was substantially completed, it was inspected by the defendant, and she expressed herself as satisfied with the work, telling plaintiff to let her know what she owed and she would send a check for it. She at the same time stated that she was going away, for which reason she had no present use for the painting, and requested plaintiff to keep it for exhibition. Plaintiff accordingly kept the painting, sent a bill for $2,000, and stated she would like to have one-half then and the remainder might be paid later. Two days after the bill was sent plaintiff received, through defendant's agent,

a draft for $1,000, which was inclosed in a letter asking for a receipt for that amount. Nothing further transpired for several days, when plaintiff received a letter from defendant in California saying: "I sent you the money you required, $1,000 (one thousand dollars), in a draft from Poughkeepsie before I left home, not as a first payment on your bill, but as the entire payment, as it is more than the amount I had expected the portrait to cost, and I do not feel justified in paying any more for it and never shall. I would like to have you send the portrait * * * to Cedar Cliff at once." The plaintiff kept the painting, and subsequently brought this action to recover the reasonable value of her services in painting it, which was alleged and the proof showed to be $2,500, less the $1,000 which had been paid. At the trial, at the conclusion of the plaintiff's case, the complaint was dismissed, as appears from the remarks of the learned trial justice, upon the ground that the plaintiff had neither delivered nor offered to deliver the portrait to the defendant. Judgment was entered to this effect, from which plaintiff appeals.

I am of the opinion the judgment should be reversed.

First. There was no necessity for the plaintiff to deliver or offer to deliver the portrait at any other place than her studio, and then only upon payment of her claim. The general rule is, unless otherwise expressed in the contract, that the vendor on the sale of personal property is bound to deliver it to the vendee at the place where it was at the time of the sale. Gray v. Walton, 107 N. Y. 254, 14 N. E. 191; 24 Am. & Eng. Enc. of Law (2d Ed.) p. 1069. The same rule applies to a portrait when painted by an artist, his studio being substituted for the place of sale. When the defendant engaged the plaintiff to paint the portrait, there was no place of delivery mentioned. Therefore, the agreement implied that delivery was to be made at plaintiff's studio, and that when the same was finished defendant would go to the studio, pay plaintiff's bill, and receive the painting. Defendant knew the painting was finished, and also knew what plaintiff's charge was for painting it. She did not go to the studio for the painting, nor did she pay plaintiff's bill. Therefore, there was no obligation resting upon the plaintiff, under such circumstances, either to deliver or offer to deliver the painting to the defendant prior to maintaining an action to recover the value of her services.

Second. But, if it be assumed that before plaintiff could maintain an action to recover the value of her services she was bound to deliver or offer to deliver the painting, the uncontradicted evidence shows that she had made a constructive delivery. The defendant knew the painting was substantially completed, and she then wrote the plaintiff, expressing her satisfaction with the work, and said:

"As I cannot use the painting for some time, I think you ought to have the opportunity of exhibiting, for it may—and I feel—be of use to you. I hope you will do so, but please do not have the name known in connection with it. * * * If you will send me word what I owe you, I well send you a check before I go."

After this request plaintiff was not obliged to make any further delivery, because such request amounted to an acceptance by the de-

fendant of the painting at plaintiff's studio, and she thereafter held it as bailee. The title to it passed, and had it been destroyed by fire the loss would have been defendant's and not plaintiff's.

Third. The plaintiff was excused from delivering the painting, if there were any obligation resting upon her to do so, and there had not been a constructive delivery, because the defendant had repudiated the contract by stating she never would pay the balance of her bill. The painting was then completed and ready for delivery, and nothing remained to be done, so far as plaintiff was concerned, except to turn it over to defendant on being paid for her services. The proof at the trial was uncontradicted that the reasonable value of the services was $2,500. She had only been paid $1,000. Therefore, she was entitled on delivering the painting to $1,500, and when defendant stated she never would pay that sum, or any part of it, the plaintiff was not required to do anything further before maintaining an action to recover that balance. Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362; Windmuller v. Pope, 107 N. Y. 674, 14 N. E. 436; Lawrence v. Miller, 86 N. Y. 131; Duryea v. Bonnell, 18 App. Div. 151, 45 N. Y. Supp. 435. She could retain possession of the painting as security, and maintain an action to recover the amount of her claim. Cragin v. O'Connell, 50 App. Div. 339, 63 N. Y. Supp. 1071; affirmed 169 N. Y. 573, 61 N. E. 1128.

The judgment appealed from, therefore, should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur; HOUGHTON, J., in result.