## HALVORDSON v. GROSSMAN.

### (Supreme Court, Appellate Term.　December 12, 1907.)

1. SALES—CONTRACT—DELIVERY—TIME.

　　In an action for the value of a suit of clothes ordered by defendant, but not delivered, evidence *held* insufficient to warrant a finding that it was agreed that the suit should be finished for Easter.

2. SAME—PLACE OF DELIVERY—TENDER.

　　Where a contract for a suit of clothes to be made for defendant specified no place of delivery, plaintiff was not required to tender the clothes, which were to be paid for at plaintiff's store; that being the proper place for delivery.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Martin E. Halvordson against George Grossman.　From a judgment for defendant, plaintiff appeals.　Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Stimson & Williams (George M. Thompson, of counsel), for appellant.

James, Schell & Elkus (Frederick Mellor, of counsel), for respondent.

PER CURIAM. The plaintiff sued to recover the value of a suit of clothes, ordered by the defendant, but which was never delivered. The price agreed upon was $65. The defendant had a judgment in the court below. The undisputed testimony shows that the defendant went to plaintiff's place of business and ordered and was measured for a suit of clothes. He stated that he wanted them for Easter; but it does not appear that it was expressly agreed that they should be ready by that time. Shortly after Easter the defendant went to the plaintiff's store, the clothes were tried on, and they required some slight changes. The plaintiff testifies that:

"It was to be all ready on the following Wednesday. The suit was ready at that time, but Mr. Grossman never came in."

The defendant claims that the judgment should be affirmed for the reasons, first, that the plaintiff failed to prove performance on his part, in that the suit was to be finished in time for Easter; and, second, that the plaintiff did not deliver or tender delivery. The evidence does not establish any agreement between the parties that the suit should be finished by Easter, and the defendant seems not to have considered that to have been the understanding, as he called for a fitting after that date.

As to the delivery it is true that one of the plaintiff's employés testified that it was the plaintiff's custom to deliver goods ordered at the residence of the person who ordered them when completed. But the plaintiff testified that the reason he did not so deliver them was that:

"It was understood that the suit was going to be paid for in the store. I don't sell goods C. O. D."

The evidence does not show that the defendant was to be notified, after the last fitting, when the clothes would be ready, as the defendant testifies that there was no necessity for him to go to the store again so far as fitting him was concerned, and, as before stated, plaintiff swore the clothes were to be ready the following Wednesday, and were ready on that day. There being no place of delivery agreed upon, the store of the plaintiff would be the proper place, where the defendant would be required to call for the goods. Scott v. Miller, 114 App. Div. 6, 7, 99 N. Y. Supp. 609. There is nothing in the evidence upon which it could be said that it became a question of fact as to where delivery was to be made.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.