AMERICAN ANILINE PRODUCTS, INC., Appellant, *v.* D. NAGASE & CO., LTD., Respondent.

First Department, May 2, 1919.

Sale — pleading — sufficiency of complaint in action for purchase price of goods — effect of agreement by seller to hold goods for further orders — Personal Property Law, section 129, construed — acceptance preceding delivery — when title does not pass by mere notification of acceptance.

A complaint in an action by a purchaser against a seller containing no allegation of a sale or that the goods were ever ascertained or set apart, or that being ascertained or set apart, they were, after offer to the defend-

ant and its refusal to accept, held by the plaintiff for the defendant, examined, and *held*, insufficient upon its face to state a cause of action for the purchase price of the goods.

In order to maintain an action under subdivision 1 of section 144 of the Personal Property Law for the price of goods, it is essential that the property in the goods shall have passed to the buyer.

The mere agreement by a seller to hold for further orders a part of the goods contracted for, while subjecting it to liability for damage caused by a breach, does not entitle it to recover the purchase price on the theory that it had set apart and was holding for the purchaser goods which it had offered said purchaser but which the latter had refused to take, for in such case the goods must be ascertained or set apart and held.

Section 129 of the Personal Property Law, relating to acceptance, has reference to delivered goods and is to be read in connection with the preceding section.

Acceptance may precede delivery, and where the goods are so ascertained as to be capable of acceptance by notification, title passes and the seller may recover the price though the delivery may be merely constructive.

But title cannot be said to pass on a mere notification of acceptance, when the goods are not specific, and the sale is not of an undivided share of a specific mass, but the subject of the sale is merely unascertained goods.

APPEAL by the plaintiff, American Aniline Products, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 4th day of March, 1919, sustaining a demurrer to the complaint and denying plaintiff's motion for judgment on the pleadings, and also from the interlocutory judgment entered in said clerk's office on or about the 17th day of March, 1919, pursuant to said order.

*Gerald B. Rosenheim,* for the appellant.

*Frederick Seymour* of counsel [*Seymour & Seymour,* attorneys], for the respondent.

SHEARN, J.:

The complaint, which at Special Term has been held insufficient on demurrer, purports to set forth a cause of action to recover the agreed purchase price of 6,000 pounds of aminil sky blue dyes. That the action is not one to recover damages for breach of contract is very apparent from the form of the complaint, which omits any allegation of

damage. Furthermore, plaintiff's counsel insists in his brief that the action is " for the price of the goods." He states: " It *only* sets forth a cause of action for the purchase price. It does not purport to set forth more than one cause of action. It contains no allegation of damages (which is of course, essential to an action for damages), indicating that plaintiff is not suing for damages, but for the purchase price of goods sold and accepted, and there is not a single allegation in the complaint which even tends to suggest that the action is for damages for breach of contract." The complaint alleges *in hæc verba* the written order. The following are the important elements of the original order, viz.:

1. Quality: " guaranteed to be equal quality as your last shipment."

2. Price: " $3.80 per pound f. o. b. New York."

3. Package: " packed in 100 # good, strong export barrels " (modified to 500-pound barrels, instead of 100-pound barrels).

4. Shipment: " before 15th of October."

5. Marks: " DN-401-Kobe, Yokohama No. 1 up."

6. Destination: " half Kobe and half Yokohama."

7. Samples: " two ounce bottle shipping sample is to ˗be presented * * * in duplicate duly sealed and stamped."

8. Weights and Measurements: Gross to be furnished when " ready for shipment."

It is alleged that plaintiff accepted the order and " promised defendant to sell " and deliver said dyes upon the terms and conditions stated in said order. Thus far the complaint sets forth a contract to sell, as distinguished from a sale. (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 82, as added by Laws of 1911, chap. 571.) It is plain that at the time the contract to sell was closed the goods in question were unascertained. Any 6,000 pounds of goods described would answer the requirements of the contract, whether they were then on hand or to be manufactured by the seller, or to be acquired by him from others. Not only were these not specific goods, but the contract was not one to sell an undivided share of goods or an undivided share of a specific mass. (Id. § 87, as added by Laws of 1911, chap. 571.) Under this contract to sell unascertained goods, no property in the goods would pass until the goods were ascertained. (Id. § 98, as

added by Laws of 1911, chap. 571.)   The complaint continues as follows:

" *Fifth*.   Plaintiff was at all times, ready, able and willing and duly offered to perform all the terms and conditions of said order and agreement on its part to be performed, and prior to October 15th, 1918, duly asked defendant for instructions for the shipment of said dyes, and defendant thereupon notified plaintiff that it accepted said dyes, but that it was not then convenient for defendant to receive more than 4,000 pounds thereof, and that within a few days it would give plaintiff instructions for the shipment thereof, and requested plaintiff to hold the balance of said dyes for it until further order.

" *Sixth*.   Plaintiff agreed so to do, but defendant has since failed and refused to give plaintiff instructions for the shipment of any part of said dyes, and on or about December 2nd, 1918, defendant notified plaintiff that it cancelled said order and agreement, and would not receive or pay for any part of said dyes, and it has since refused and still refuses so to do.

" *Seventh*.   By reason of the premises, the sum of $22,800 is due, owing and payable by the defendant to the plaintiff, no part of which has been paid, although payment was duly demanded prior to the commencement of this action."

It will be observed that although this is an action for the price, there is no allegation of a sale, or that title passed, or that the goods were ascertained, set apart and held for the defendant by the plaintiff.   The elements of a cause of action for the price of goods are set out in section 144 of the Personal Property Law (as added by Laws of 1911, chap. 571).   To maintain an action under subdivision 1 thereof, it is essential that the property in the goods shall have passed to the buyer.   Subdivision 2 is clearly inapplicable, for the price was not payable " on a day certain, irrespective of delivery or of transfer of title."   The case is not within the terms of subdivision 3, which permits a suit for the price " although the property in the goods has not passed," for it is not alleged that the goods could not readily be resold for a reasonable price and that the seller, after offering to deliver the goods and the buyer had refused to

receive them, notified the buyer that the goods were held by the seller as bailee for the buyer. The case is not one where the purchase price may be recovered although property in the goods has not passed, due simply to the buyer's refusal to take the goods when offered, for there is no allegation that the goods were ascertained or set apart and held by the plaintiff for the defendant. It is merely alleged that the plaintiff " agreed " to hold a part of the goods until further order. Plaintiff stresses the allegation in paragraph 5 that it " was at all times ready, able and willing and duly offered to perform all the terms and conditions of said order and agreement on its part to be performed." This allegation might be entirely true even though the goods were not in plaintiff's possession, but were under contract. Under such circumstances, the goods being unascertained and not set apart or in any manner identified, plaintiff's mere agreement to hold for further orders a part of the dyes contracted for, while subjecting it to liability for damage caused by a breach, would not entitle the plaintiff to recover the purchase price on the theory that it had set apart and was holding for the purchaser goods which it had offered the purchaser but which the latter had refused to take, for in such case the goods must be ascertained or set apart and held.

It remains to be seen whether it can clearly be inferred as a fact from the allegations in the complaint that at some time property in the goods did pass to the defendant. Plaintiff claims this inference from the allegation that after plaintiff's request for shipping directions defendant " notified plaintiff that it accepted said dyes." Plaintiff relies largely upon section 129 of the Personal Property Law (as added by Laws of 1911, chap. 571) dealing with " what constitutes acceptance." I think this section has reference to delivered goods, and is to be read in connection with section 128 (as added by Laws of 1911, chap. 571) pertaining to the same subject-matter, just as " acceptance " as defined in section 85 (as added by Laws of 1911, chap. 571) has reference to the Statute of Frauds. Irrespective of this, plaintiff is clearly right in its contention that acceptance may precede delivery (Williston Sales, 844), and that where the goods are so ascertained as to be capable of acceptance by notification,

title passes and the seller may recover the price, though the delivery may be merely constructive. Such is the case of *Scott* v. *Miller* (114 App. Div. 6), on which the plaintiff relies. But it is difficult to see how title can be said to pass on a mere notification of acceptance, when the goods are not specific, and the sale is not of an undivided share of a specific mass, but the subject of the sale is merely unascertained goods. If, in such case as is alleged, the purchaser had paid the price, it would be impossible for him or any one else to know what 6,000 pounds of dyes belonged to him, where to look for the dyes, or how or where to secure possession if delivery were refused. With all the uncertainties as to property rights that would arise if it were held that title passed upon a mere notice of acceptance of goods not sold but contracted to be sold, and with full protection afforded to the seller by action to recover damages for breach of contract, I can see no justification for attempting to sustain this pleading on the theory that at some unknown time and in some unknown manner title must have passed by virtue of a notification of acceptance, where there is no allegation in the complaint of a sale, or that the goods were ever ascertained or set apart, or that, being ascertained or set apart, they were, after offer to the defendant and its refusal to accept, held by the plaintiff for the defendant.

In my opinion the complaint, as one to recover the purchase price of goods sold, is insufficient upon its face and the judgment and order sustaining the demurrer should be affirmed, with costs, with leave to the plaintiff to serve an amended complaint within twenty days upon payment of said costs and ten dollars costs of motion at Special Term.

Dowling, Page and Smith, JJ., concurred.

Clarke, P. J.:

Upon demurrer to a complaint for insufficiency it is our duty to see whether any cause of action is set forth. I am of the opinion that facts are stated sufficient to constitute an action for damages for breach of contract. The amount sued for is not controlling. But as appellant insists that its cause of action is for the purchase price I agree that such a cause of action is not sufficiently alleged. Therefore,

I agree to affirm but think plaintiff should be given leave to serve an amended complaint.

Judgment and order affirmed, with costs, with leave to plaintiff to serve amended complaint on payment of said costs and ten dollars costs at Special Term.