CHARLES H. INMAN, Plaintiff, *v.* FREDERICK W. SMYTHE, Doing Business under the Trade Name of " YONKERS NURSERY," Defendant.

Supreme Court, Montgomery County, January 26, 1929.

*Jerome S. Lovenheim*, for the motion.

*Daisy Snook Borst* [*Charles S. Nisbet* of counsel], opposed.

HEFFERNAN, J. The complaint alleges in substance that during the month of August, 1927, plaintiff and defendant entered into an agreement whereby plaintiff agreed to sell and defendant agreed to purchase white pine trees, and that after the making of the agreement defendant accepted and paid for a portion of the merchandise covered by the contract. Then follows an allegation that defendant has refused and neglected to complete his contract to plaintiff's damage.

It is obvious that the complaint sets forth a contract to sell as distinguished from a sale. (Pers. Prop. Law, § 82, as added by Laws of 1911, chap. 571.)

I fully agree with the learned counsel for defendant that this complaint cannot be sustained as one for the recovery of the purchase price of the goods. (*American Aniline Products, Inc.*, v. *Nagase & Co., Ltd.*, 187 App. Div. 555; *Robison & Co., Inc.*, v. *Kram, No. 1*, 195 id. 873.) The elements of such a cause of action are clearly and specifically set forth in section 144 of the Personal Property Law (as added by Laws of 1911, chap. 571). To maintain an action under subdivision 1 thereof, it is essential that the property in the goods shall have passed to the buyer. There is no allegation in this pleading to show that the property in the goods has passed to the defendant. The action cannot be maintained under subdivision 2 of that section because there is no allegation in the complaint to show that the price was payable on any day certain, irrespective of delivery or of transfer of title. Subdivision 3 (as amd. by Laws of 1925, chap. 560) is clearly inapplicable. Under the provisions of that subdivision a suit may be maintained for the price, but it must be alleged that the goods could not readily be sold for a reasonable price and that the seller, after offering to deliver the goods and the refusal of the buyer to accept, has notified the buyer that he holds the goods as bailee.

This is not a model pleading. It is difficult to determine the character of the cause of action which plaintiff is asserting. On a motion of this kind, however, every intendment and fair inference should be resolved in favor of the pleading. It seems to me that this complaint may be treated as one to recover damages for a breach of defendant's agreement to accept delivery and pay for the goods as distinguished from one to recover the purchase price

of undelivered goods. Viewing it as such it states a cause of action under section 145 of the Personal Property Law (as added by Laws of 1911, chap. 571). Subdivision 1 of that section authorizes a seller to maintain an action for damages for non-acceptance against a buyer who wrongfully neglects or refuses to accept and pay for the goods. On this theory the complaint contains appropriate allegations to sustain a cause of action. It charges a breach of contract and a wrongful failure by defendant to consummate his agreement. It, perhaps, may be argued that the damages alleged to have been sustained represent the value of the undelivered and unaccepted merchandise. That is not fatal, however. The rule is settled that where a complaint alleges that a party to a contract has been guilty of a breach of the same, causing damages to the complaining party, there is no requirement of law that the measure of damages alleged to have been sustained shall be stated in the complaint. (*Winter* v. *American Aniline Products, Inc.*, 236 N. Y. 199.) Neither is it essential to the sufficiency of the pleading that the plaintiff should allege the theory on which he estimates his damages in such a case. If a defendant lacks knowledge in this respect in order to properly plead or defend, his remedy is an application to have the complaint made more definite and certain, or for a bill of particulars. (Civ. Prac. Act, § 247; Rules of Civil Practice, rule 102.)

The motion is, therefore, denied, with ten dollars costs.