PELLEGRINO MOCCIA, Respondent, v. THE PFAUDLER COMPANY, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Memorandum: We read this complaint in the light of respondent's argument in his brief and in open court, and, as we understand the complaint, it was the intention of the respondent to allege no cause of action in negligence but only a cause of action for breach of statutory obligation. This was also the case in Laviera v. Pfaudler Co. (249 App. Div. 924). It is frequently unnecessary to distinguish between causes of action of these respective types (Martin v. Herzog, 228 N. Y. 164) but here the pleader himself has chosen to make the differentiation and we must take the pleader at his word. We are bound by the decision of the Court of Appeals in Schumer v. Caplin (241 N. Y. 346), to the effect that a breach of a rule is but evidence of negligence which has no place in the action for breach of the statutory obligation. It is because of the position definitely taken by the plaintiff, as we understand his counsel, that we here determine that the words " and rules " should be stricken from the complaint. We are not now passing upon the question, whether upon the trial the rules may be introduced in evidence. (See Schmidt v. Merchants Despatch Transportation Co., 270 N. Y. 287, at p. 306.) That question is not before us at this time. All concur. (The order denies motion to strike out certain portions of the complaint in a silicosis action.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

CREDIT ACCEPTANCE CORPORATION, Respondent, v. HARRY A. FOHL, Appellant.— Order affirmed, with ten dollars costs and disbursements. Memorandum: Although most inartistically drawn we find sufficient allegations in the complaint to constitute a cause of action in conversion. All concur. (The order denies defendant's motion to dismiss the complaint in an action in conversion.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Taylor, JJ.

AMERICAN CLAY AND CEMENT CORPORATION, Respondent, v. JOSEPH BEVACQUA, Appellant.— Order affirmed, with ten dollars costs and disbursements. Memorandum: We find sufficient allegation of a consideration for an original obligation in the statement in the complaint that the indebtedness of the Giamberardino Construction Co., Inc., was released and discharged. The manner of such release or discharge may well be the subject of a motion for a bill of particulars. All concur. (The order denies defendant's motion to strike out portions of the amended complaint and to make the complaint more definite and certain in an action on a promissory note.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

In the Matter of the Application of ANTONIO D'ANNA, Appellant, for a Peremptory Mandamus Order against Hon. Henry J. Kimball, Judge of the County Court of Jefferson County, State of New York, Respondent.— Order affirmed, without costs. All concur. (The order denies an application for a peremptory mandamus order in a proceeding to set aside a sentence of imprisonment.) Present — Sears, P. J, Edgcomb, Crosby, Lewis and Cunningham, JJ.