STANLEY SWIDERSKI, Appellant, v. ANTHONY ASCIOTI, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Memorandum: The defendant moved to make the complaint more definite and certain and to state in the complaint whether the action is " brought in negligence and on a warranty." The court made an order directing the plaintiff to serve an amended complaint " clearly setting forth the cause of action upon which said plaintiff seeks to rely and whether the same is based in negligence or upon a warranty." We think the plaintiff intended to plead a cause of action in negligence only. The complaint, therefore, while inartistically drawn, is not subject to a motion on the grounds specified in rule 102 of the Rules of Civil Practice. We are not passing upon the sufficiency of the complaint in respect to whether or not it states a cause of action in negligence. (See *McDonald* v. *Green*, 28 Misc. 56; *Rouget* v. *Haight*, 57 Hun 119, 121; *MacDonald* v. *Winchester Repeating Arms Co.*, 102 App. Div. 375, 376; *Olcott* v. *Carroll*, 39 N. Y. 436, 438; *Inman* v. *Smythe*, 133 Misc. 494, 495; *Pagnillo* v. *Mack Paving and Construction Co.*, 142 App. Div. 491, 494; *Bourcheix* v. *Willow Brook Dairy, Inc.*, 268 N. Y. 1, 5; *Chysky* v. *Drake Brothers Co., Inc.*, 235 id. 468,473.) The defendant's remedy was a motion for a bill of particulars. (See *American Clay & Cement Corp.* v. *Bevacqua*, 251 App. Div. 796 [4th Dept.].) All concur. The order grants a motion to compel plaintiff to make the complaint more definite and certain, in a negligence action.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

ROBERT McPHERSON, Appellant, v. EARL BRAHLER, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The proof was sufficient to present questions of fact as to the negligence of the defendant and the freedom from contributory negligence of the plaintiff. All concur. (The judgment dismisses the complaint in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

THE DELAWARE AND HUDSON COMPANY, Appellant, v. UTICA, CLINTON AND BINGHAMTON RAILROAD COMPANY, Respondent, THE NEW YORK TRUST COMPANY, as Trustee, etc., and Others, Defendants.— Judgment affirmed, with costs. All concur. (The judgment dismisses the complaint in a mortgage foreclosure action.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ. [174 Misc. 403. See *post*, p. 986.]