James A. Roe, Jr., J.
This is an application by the defendant Air Modern, Inc., to direct the plaintiff to serve an amended complaint, separately stating and numbering the several causes of action as to each defendant and to make the complaint more definite and certain.
The defendant Air Modern, Inc., in support of that branch of the motion which seeks a separate stating and numbering of the alleged causes of action in the complaint, contends that there is more than one defendant involved in this action and that the plaintiff has commingled in one cause of action what appear to be several claims against each of the defendants. In support of that branch of the motion which seeks to have the complaint made more definite and certain, the defendant Air Modern, Inc., claims it cannot be ascertained from the present pleading whether the theory of the action is for breach of warranty or fraud and deceit.
The plaintiff, in opposition, states that the complaint merely intends to set forth an action for breach of an express warranty made in connection with the sale and installation of an air-conditioning unit by the defendant Air Modern, Inc., the duly-authorized agent of the defendant Westinghouse Electric Corp. Furthermore, the plaintiff argues that the allegation in the complaint that the defendants “ fraudulently represented and warranted ” is necessary and proper in pleading a cause of action for breach of an express warranty and was not intended as an attempt to plead a cause of action for fraud and deceit.
The plaintiff in the instant action expressly declares that it merely intended to allege a cause of action for the breach of an express warranty. (See R. K. Corbin, Inc. v. Levine, 284 App. Div. 1035; Krauss v. Fresh Meadow Country Club, 69 N. Y. S. 2d 768, 769.) Furthermore, the allegations of the complaint, including the averment ‘ ‘ fraudulently represented and warranted ”, are appropriate to the cause of action for breach of an express warranty. (See Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5; see, also 1 Abbotts’ Forms of Pleading [3d ed., 1937], ch. XXYIII, Form No. 720, p. 736.) Finally, since the *183 complaint alleges a claim for the breach of an express warranty made by the defendants who were in the relation of principal and agent (Grodsky v. Bernstein, 135 N. Y. S. 2d 897; see, also, Crowell-Coilier Pub. Co. v. Josefowitz, 9 Misc 2d 613, 615, affd. 5 A D 2d 987, affd. 5 N Y 2d 998; A. Ancelmo Trucking Co. v. Durkee, 11 A D 2d 836), the court is of the opinion that the plaintiff should not be required to serve an amended complaint separately stating and numbering the causes of action and/or making the allegations more definite and certain. (See MacDonald v. Winchester Repeating Arms Co., 102 App. Div. 375; see, also, Swidarski v. Ascioti, 259 App. Div. 969.) Accordingly, the motion is in all respects denied.