Henry Clay Greenberg, J.
Defendants, before answer, make three motions: (1) To strike certain portions of the complaint as sham, unnecessary and irrelevant, pursuant to rule 103 of the Rules of Civil Practice; (2) To dismiss the second cause of action for insufficiency pursuant to subdivision 4 of rule 106 *614 of the Buies of Civil Practice; and (3) To require the service of an amended complaint separately stating and numbering the causes of action asserted by each of the plaintiffs against the defendants, pursuant to rule 90 of the Buies of Civil Practice.
The complaint purports to allege four causes of action. In the first cause plaintiffs seek to recover damages for false representations. The second cause is predicated upon breach of contract. In the third cause a claim is made for moneys had and received by defendants as a result of the alleged fraud; while the fourth cause is for the cancellation of promissory notes and guarantees and for the return of the collateral deposited with defendants under the contract allegedly induced by fraud.
As to the branch of the motion under rule 103, the voluminous affidavits on both sides — attempting to prove certain allegations sham and controverting that contention — on their face demonstrate that the motion under rule 103 cannot dispose of the discordant claims. An application under rule 103 is not a substitute for a motion for summary judgment.
Only one contention advanced by defendants in support of their motion under rule 103 requires any extended consideration. Article twenty-fifth of the agreement in suit provides: “ This Agreement * * # was not induced by any representations, warranties or covenants not contained therein.”
While recognizing the doctrine that “ merger ” clauses in a contract, whereby a party attempts to exempt himself from liability for misrepresentation, do not bar one from showing he has been defrauded (Bridger v. Goldsmith, 143 N. Y. 424; Jackson v. State of New York, 210 App. Div. 115), defendants seek to draw a distinction between the “ non-inducement ” provision in the instant case and the ordinary ‘1 merger ’ ’ clause.
In Soviero Bros. Contr. Corp. v. City of New York (286 App. Div. 435, affd. 2 N Y 2d 924) Justice Bkeitel emphasized that the public policy underlying the barrier against granting immunity from liability for fraud applies to every kind of merger clause, whether it purports to do so directly or indirectly. Since a violation of public policy is the rationale of the rule-making merger clauses ineffectual where fraud is charged, the application of the rule in a particular case does not hinge upon mere semantics or fine distinctions in the use of language. (See Sabo v. Delman, 3 N Y 2d 155.)
At this juncture of the case, any question of the quantum of proof is irrelevant. I must now decide whether, as a matter of law, the twenty-fifth clause immunizes defendants from the charges of fraud levelled by plaintiffs. Whether plaintiffs will, at a trial, be able to overcome the force of the statement *615 in the contract that they were 1 ‘ not induced by any representations, warranties or covenants not contained therein ’ ’, is obviously a conclusion that must await the trial. All that is now held is that the clause, whatever its value may be as an element of proof on the question of the materiality of the alleged misrepresentations or their inducing quality, does not ipso facto debar the assertion of plaintiffs’ claims of fraudulent inducement.
To distinguish this case from those in which the courts have held merger clauses do not constitute a barrier against a claim of fraud, would only place a premium on ingenuity in the preparation of an agreement. As a matter of substance, rather than form, the clause under consideration falls within the ambit of an ineffective merger clause, and cannot as a matter of law dissipate plaintiffs’ charges of fraud.
Cohen v. Cohen (1 A D 2d 586, affd. 3 N Y 2d 813) relied on by defendants is clearly distinguishable. The court there held that the plaintiff could not “ possibly prove she relied on the misrepresentations ”.
The argument based on a claimed estoppel is untenable. An equitable doctrine will not be employed to prevent the assertion of fraudulent and inequitable conduct. (See Angerosa v. White Co., 248 App. Div. 425, 433-434, affd. 275 N. Y. 524.)
The motion under rule 103 must be denied.
The predicate of the motion under subdivision 4 of rule 106 addressed to the second cause of action is that although plaintiffs allege a breach of the agreement, there are insufficient allegations to show a duty or an obligation to perform. On its face, the second cause of action contains sufficient to establish a basis for the alleged breach. Assuming the allegations to be true — as I must on this motion — a cause of action for breach of contract is adequately alleged.
So too, the alternative relief under rule 90 must be denied. Essentially the basis for this motion is that each cause of action is alleged on behalf of both defendants when in fact each plaintiff has a separate cause which should be separately stated. The fallacy of this contention lies in the erroneous premise that plaintiffs’ claims are several. The agreement on its face shows that the rights and obligations of both plaintiffs are interwoven, and that the subsidiary corporation was tied in with the guarantees and the delivery of its stock as collateral. Under the circumstances there is no necessity for separate statements of the causes of action of each plaintiff. They may properly assert a joint claim.
The motion is in all respects denied. Settle order.