■ HILDA CARLINGER, Appellant, v. PHILIP CARLINGER, Respondent.— Order, entered on October 17, 1963, granting defendant's motion to dismiss the second amended complaint for insufficiency, unanimously reversed, on the law, with costs to abide the event, and the motion to dismiss is denied. In the first cause of action plaintiff seeks damages of $15,000 based on alleged fraud on the part of her husband in inducing her to enter into a separation agreement in 1954. The second cause relying on the alleged fraud prays for a rescission of the separation agreement. The motion to dismiss was made under former rule 106 of the Rules of Civil Practice. Therefore, only the allegations of the pleading could be considered in determining its sufficiency. Essentially, the second amended complaint was dismissed by Special Term because the claim of alleged fraudulent representation as to the husband's income in 1953 was held to be barred by merger clauses in the agreement disclaiming any representations. A general merger clause in a contract is ineffective to bar a claim of fraud in the inducement of a contract. (*Crowell-Collier Pub. Co.* v. *Josefowitz,* 9 Misc 2d 613, affd. 5 A D 2d 987, affd. 5 N Y 2d 998; *Sabo* v. *Delman,* 3 N Y 2d 155.) A different rule applies, where there is a specific disclaimer. (*Danann Realty Corp.* v. *Harris,* 5 N Y 2d 317; *Cohen* v. *Cohen,* 1 A D 2d 586, affd. 3 N Y 2d 813.) Furthermore, there is a serious question of whether the disclaimer can be effective in this case. The complaint alleges and the agreement recites that defendant submitted copies of his income tax returns. The complaint further alleges that the copies submitted were not true copies of the returns that were filed by the defendant. Barring an explicit provision that plaintiff was not relying on those copies, no disclaimer could prevent a claim of fraud based on the allegedly false copies. When a pleading is challenged for legal insufficiency, it must be construed broadly and liberally, and every intendment and fair inference resolved in its favor. Viewed in that light, we sustain the suffi-

ciency of the second amended complaint to the extent of holding that the provisions of paragraphs 19 and 20 of the 1954 agreement as not being disclaimers of such a specific nature so as to destroy the allegations of the amended complaint as to the alleged fraudulent misrepresentations. Questions as to the materiality of the alleged misrepresentations, considering the other provisions of the agreement as to additional payments; as to ratification after knowledge of the alleged fraud; as to the effect of the subsequent judgment of divorce which evidently approved the separation agreement; the weight to be given the disclaimers in paragraphs 19 and 20 on the issue of claimed reliance on the misrepresentations; or as to any other matters which may be urged in defense of the action, must await disposition on appropriate motions based upon affidavits. We reiterate, that all we hold now is that on the face of the second amended complaint causes of action are sufficiently alleged to have withstood the motion under former rule 106 of the Rules of Civil Practice. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.