## (July 9, 1964)

■ DORSEY PRODUCTS CORPORATION et al., Respondents, v. UNITED STATES RUBBER COMPANY, Appellant.

*Per Curiam.* Defendant moves to dismiss the second, third and sixth causes of action in the amended complaint. It is alleged that defendant manufactures a polyester called "Naugatile" and certain related products to be used with it. Plaintiff Dorsey Products Co. entered into a distributorship agreement with defendant for the sale of these products. It is alleged that defendant made certain statements as to the development and qualities of the "Naugatile"

products, which statements were made to induce plaintiff to enter into the distributorship agreement and, on the strength of them, plaintiff did so and incurred certain expenses. The second cause of action alleges that these statements were untrue and that defendant made them negligently. The third cause of action alleges that defendant warranted that the "Naugatile" products were of merchantable quality and fit for the purpose for which they were to be sold, and that they were not. The sixth cause of action is alleged on behalf of plaintiff Naugatile of New York, Inc., a company formed to carry out the distributorship contract, and parallels the second cause of action.

As to the third cause of action, the distributorship agreement is attached to the complaint. The agreement contains a specific provision in regard to warranties. By its terms defendant warrants that the product "Naugatile" shall conform in its manufacture to a formula and specifications as set out in an annexed schedule, and that these may be changed from time to time by agreement between the parties. Any other warranty is disclaimed. That includes any warranty in regard to the application or installation of the product, or its use in connection with other materials. This provision is unambiguous. As the capability of parties to so contract is a matter of right (Personal Property Law, § 152), the cause of action is necessarily defeated (*Lumbrazo* v. *Woodruff*, 256 N. Y. 92; *Broderick Haulage* v. *Mack-International Motor Truck Corp.*, 1 A D 2d 649).

The second and sixth causes of action are based on negligent statements. Ordinarily there is no liability for words negligently spoken. An exception exists where the words spoken are more than a representation but constitute a verbal act (*Glanzer* v. *Shepard*, 233 N. Y. 236, 239; *Doyle* v. *Chatham & Phenix Nat. Bank*, 253 N. Y. 369, 379). A cause of action can therefore only be supported by some special relationship between the parties (*International Prods. Co.* v. *Erie R. R. Co.*, 244 N. Y. 331). While here there is merit in plaintiffs' contention that a relationship does exist which implies a closer degree of trust and reliance than the ordinary buyer-seller relationship, that fact is of no moment in this connection. The very instrument which creates the relationship belies the claim. It negatives the right to rely on statements or even promises as to quality. There could be no exception because the statements were made negligently.

The order should be reversed on the law and the facts and the motion granted, with costs to the appellant.

VALENTE, J. (dissenting). I would affirm the order denying defendant's motion to dismiss the second, third and sixth causes of action in the amended complaint pursuant to CPLR (3211, subd. [a], par. 7) as legally insufficient on their face.

As indicated in the opinion of the majority of the court, the second and sixth causes of action seek damages based upon allegations of negligent misrepresentations made by defendant, and the third cause is based upon a breach of warranty. All three causes have been found by the majority as insufficient in law because of the disclaimer provisions of paragraph 9 of the contract between the parties, which is annexed as an exhibit to the amended complaint.

Paragraph 9 of the contract reads: "9. NAUGATILE products furnished by Naugatuck in any form shall be warranted only to conform to applicable specifications, as agreed upon by Naugatuck and Dorsey. No warranty is made by us with respect to application, installation or use with other materials and no other warranty express or implied is made in connection with any sales of NAUGATILE products to Dorsey."

There is no question but that parties by their contract may disclaim any warranties other than those specified in the agreement. (*Broderick Haulage v. Mack-International Motor Truck Corp.*, 1 A D 2d 649, 650.) Where I disagree with the majority is in the reading of paragraph 9 of the contract as an unambiguous disclaimer of the warranties upon which plaintiff Dorsey relies in its third cause of action.

Looking at the distributor agreement as a whole, it is a reasonable and arguable contention that the disclaimer clause was not meant to preclude liability if defendant's Naugatile products could not be used and applied to masonry, concrete and Portland cement surfaces. Paragraph 2 of the contract defines "Naugatile products" as "such products or coatings for the specific uses and applications mentioned in the preceding sentence hereof", and the preceding sentence refers to the resale of the products for "use and application to concrete, masonry and portland cement". The subsequent paragraphs of the agreement must thus be read with these initial provisions, which must be assumed by definition to indicate that the products and coatings were suitable for the specified surfaces.

The provision of the disclaimer clause that no warranty is made with respect to application, installation or use with "other materials" is not so unequivocal that it may not be reasonably interpreted to mean only that defendant was not to be held to any liability arising from the use of Naugatile products when applied, installed or used with materials other than concrete, masonry and Portland cement. The meaning of the expression "other materials" is thus not so crystal clear that the court may rule as a matter of law that there was a disclaimer of the warranties pleaded in the third cause of action.

Since I would hold that the disclaimer clause does not require a dismissal of the third cause of action, then certainly the second and sixth causes of action are not subject to dismissal upon the basis of that disclaimer clause. Primarily, defendant did not contend that the disclaimer clause barred the second and sixth causes of action. The sole attack on those causes, at Special Term and this court, was that no cause of action for negligent misrepresentations was stated because the transaction between the parties involved merely a sale of goods and that negligent words under such a situation were not actionable. Plaintiffs contended, however, that the pleading contained sufficient allegations to show a relationship between the parties far beyond that of seller and buyer which imposed on the defendant a legal duty to speak with care.

The majority opinion admits "there is merit in plaintiffs' contention that a relationship does exist which implies a closer degree of trust and reliance than the ordinary buyer-seller relationship". I agree with that observation. But in view of the equivocal nature of the disclaimer clause, that disclaimer should not be held to destroy a claim of negligent language. The same rule should be applied here as in the cases involving merger clauses. A general merger clause in a contract is ineffective to bar a claim of fraud in the inducement of a contract. (*Sabo v. Delman*, 3 N Y 2d 155; *Crowell-Collier Pub. Co. v. Josefowitz*, 9 Misc 2d 613, affd. 5 A D 2d 987, affd. 5 N Y 2d 998.) Only where a contract has "in the plainest language" indicated that a party is not relying on representations as to the very matter which forms the basis of its present claim, will such specific disclaimer be recognized as defeating the claim. (*Danann Realty Corp. v. Harris*, 5 N Y 2d 317; *Cohen v. Cohen*, 1 A D 2d 586, affd. 3 N Y 2d 813.) Since only the adequacy of the amended complaint as a pleading is at issue, it should not be held

that an ambiguous disclaimer clause estops plaintiffs from asserting their claims based on negligent misrepresentations.

I would therefore affirm the order sustaining the amended complaint.

Stevens, Eager and Steuer, JJ., concur in *Per Curiam* opinion; Valente, J., dissents in opinion, in which Botein, P. J., concurs.

Order, entered on December 10, 1963, reversed on the law and the facts, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs.