■ DUANE E. DYER, Respondent, v. GREAT EASTERN INSURANCE COMPANY, Appellant, and HANOVER INSURANCE COMPANY et Ano., Defendants.— Appeal

from an order of the Supreme Court at Special Term, entered August 24, 1972 in Broome County, which denied the motion of defendant Great Eastern Insurance Company for summary judgment, and granted summary judgment in favor of the plaintiff. Plaintiff purchased a 1969 Ford Mustang on May 27, 1970 financing the purchase by an installment loan contract with the Endicott Trust Company. At the same time plaintiff obtained from defendant Howard Palmer, an insurance agent, a comprehensive collision insurance policy issued by appellant Great Eastern Insurance Company, and a property damage insurance policy issued by defendant Hanover Insurance Company which policies were to be effective from May 27, 1970 to May 27, 1971. Each policy contained a loss payable clause running to the Endicott Trust Company. The loss payable clause contained in the policy issued by appellant Great Eastern Insurance Company provides that "any loss hereunder is payable as interest may appear to the insured and Endicott Trust Co., Endicott, N. Y.". The premiums on said policies were financed by plaintiff through the Policy Advancing Corporation. On October 9, 1970 Policy Advancing Corporation, pursuant to a power of attorney granted it by plaintiff, mailed notices of cancellation of the policies to plaintiff and to both insurance companies by reason of plaintiff's failure to make payments pursuant to the premium financing agreement. Thereafter, on or about November 14, 1970, plaintiff's automobile was involved in an accident and the vehicle was declared a total loss. Both insurance companies disclaimed. Plaintiff then brought this action for a judgment declaring that the disclaimers were improper, and that he was entitled to full protection under the policies. Plaintiff contends that the disclaimers by the insurance companies were improper on the ground, among others, that the loss payee, Endicott Trust Company, had not been given notice of cancellation. Both insurance companies moved for summary judgment dismissing the complaint as against them. Special Term granted the motion by the Hanover Insurance Company; denied the motion by appellant Great Eastern Insurance Company; and granted summary judgment in favor of the plaintiff against Great Eastern Insurance Company. The judgment in favor of the Hanover Insurance Company is not before us on this appeal. The sole issue raised on this appeal is whether a policy of automobile collision insurance is effectively canceled as to all parties, including a secured party under a loss payable clause, by a premium finance agency under a power of attorney from the insured, pursuant to section 576 of the New York Banking Law, when the premium finance agency gave the requisite statutory notices, and there is no requirement in the insurance policy for notice of cancellation to be given to the loss payee. Notice of cancellation of policies of insurance is not required by statute to be delivered to a loss payee. (Banking Law, § 576; Vehicle and Traffic Law, § 313; Insurance Law, § 167-a.) Section 576 of the Banking Law is the statutory authority for cancellation of a policy of insurance by a premium finance agency. This section contains no requirement for notice to a secured party, but the provisions thereof govern the relationship only between the insured, the financing agency, and the insurance company. A secured party, not being a party to the premium finance agreement, is not affected by the provisions thereof. Plaintiff having granted Policy Advancing Corporation, the authority to cancel the policy for nonpayment in the premium finance agreement, that corporation could properly cancel the policy pursuant to section 576 of the Banking Law without notice to the secured party and effectively terminate the obligations and rights between the insurer and the insured. Accordingly, the notice of cancellation was not required to be given to the Endicott Trust Company, as loss payee. (*East Side Garage* v. *New Brunswick Fire Ins. Co.*, 198 App. Div. 408; *Schleimer* v. *Empire Mut. Ins. Co.*, 71 Misc. 2d 1014; 17 Couch, Insurance, § 67:120.) The policy having been

properly canceled pursuant to statute prior to the accident, plaintiff's coverage was terminated. Order reversed, on the law, without costs, and summary judgment granted in favor of Great Eastern Insurance Company. Herlihy, P. J., Staley, Jr., Cooke, Kane and Reynolds, JJ., concur. [71 Misc 2d 89.]