■ CONGETTA EVERSON, Respondent, v. FIRST TRUST & DEPOSIT Co., Appellant, and FAYS DRUG Co., INC., Respondent.—Order unanimously reversed, with costs, and defendant's motion for summary judgment against plaintiff and codefendant Fays Drug Co., Inc., granted. Memorandum: Plaintiff alleged in her complaint that on January 27, 1972 an employee of Fays Drug charged her before a Justice of the Peace with unlawfully using a credit card in violation of section 165.17 of the Penal Law, and that it and First Trust without probable cause and with malice prosecuted her on such charge. Fays Drug, in a cross claim against First Trust, alleged that First Trust had negligently supplied it with information which caused it to make the charge against plaintiff. First Trust moved for summary judgment against plaintiff and Fays Drug pursuant to CPLR 3212 (subd [b]). Plaintiff failed to present any proof that First Trust was responsible for placing or prosecuting the charge made against her by Fays Drug and her complaint, therefore, lacks a necessary element of a cause of action for malicious prosecution (*Gregorio* v. *Terminal Trading Corp.,* 39 A D 2d 705). Fays Drug's cross claim against First Trust did not allege a special relationship of trust which is necessary for a cause of action for words negligently spoken (*Dorsey Prods. Corp.* v. *United States Rubber Co.,* 21 A D 2d 866, 867, affd. 16 N Y 2d 925; see *International Prods. Co.* v. *Erie R. R. Co.,* 244 N. Y. 331, 338; *Glanzer* v. *Shepard,* 233 N. Y. 236, 239). (Appeal from order of Onondaga Special Term in action for damages for malicious prosecution.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.