John R. Tenney, J.
This motion to dismiss for failure to serve a complaint (CPLR 3012, subd [b]) raises two issues. First, plaintiff, William F. Greinke, has failed to file a complaint for a period in excess of six months. His explanation for the delay is not a legal excuse.
However, there is a novel question raised in the affidavit of merits and the proposed complaint. The cause of action is based upon an alleged prognosis made by the defendant doctor. After examining the plaintiff and having treated him for some time, the doctor allegedly advised that he had about 12 to 18 months to live.
Apparently relying upon this information, Mr. Greinke decided to take an early retirement from his employment. This resulted in a substantial change in his financial status to his detriment. He claims that the doctor’s prognosis was improperly made, that giving the advice was negligence.
Plaintiff cites Everson v First Trust & Deposit Co. (46 AD2d 722), where erroneous information was given by the defendant regarding the validity of a credit card. It resulted in the arrest of the plaintiff. A cause of action was found based upon the fact that the information was false and that a reasonable investigation would have determined that fact. The negligence was the failure to investigate.
In the present case, the doctor expressed his opinion based upon his knowledge and his experience. There is nothing to indicate that a reasonable investigation was possible which could establish the inaccuracy of the doctor’s prediction. In retrospect, his opinion has proved to be incorrect. However, *998 this is a phenomenon which may well apply to a great many professional opinions.
It has long been established in New York that a doctor may give testimony as to the length of time that a person may be expected to live based upon known facts and their probable effect. (Alberti v New York, Lake Erie & Western R. R. Co., 118 NY 77; Griswold v New York Cent. & Hudson Riv. R. R. Co., 115 NY 61; McClain v Brooklyn City R. R. Co., 116 NY 459.)
An opinion which forecasts the probable future results of a present condition is admissible. It is not "susceptible of absolute certainty”, but comes within the rule of reasonable certainty. (McClain v Brooklyn City R. R. Co., supra, p 468.)
This is not a case alleging that the words were negligently spoken. Plaintiff argues that the prediction was based upon inaccurate or insufficient facts. Had the doctor fulfilled his professional responsibilities, he would have ascertained the correct facts and would not have made the prognosis.
When a citizen receives an opinion from any professional, he is entitled to some degree of competence. Defendant found that the patient had been gaining weight and made the following diagnosis: overweight, hypercholesteremia, cirrhosis of the liver, probably due to excessive alcohol, and gout. If the doctor had given the wrong advice as to treatment, then there would be a cause of action. There is no such claim.
There are numerous variables which exist in human beings. A most difficult prediction is the length of life under any circumstances. A doctor may have an opinion based upon his knowledge of the patient, his life style, his physical condition, his mental condition or his economic status. He may express that opinion to his patient. However, should the prediction prove erroneous, it should not form the basis of a cause of action.
In view of the foregoing, the affidavit of merits is insufficient, and the action should be dismissed.