HOME MUTUAL INSURANCE COMPANY, Appellant, v BROADWAY BANK AND TRUST COMPANY, Respondent.

Fourth Department, July 10, 1980

### APPEARANCES OF COUNSEL

*Vogt, Hensel & Krenitsky (Richard G. Vogt* of counsel), for appellant.

*Chamberlain, D'Amanda, Bauman, Chatman & Oppenheimer (Louis D'Amanda* of counsel), for respondent.

## OPINION OF THE COURT

WITMER, J.

The principal question presented on this appeal is whether defendant Broadway Bank and Trust Company (the Bank) is liable to plaintiff Home Mutual Insurance Company because of negligent misrepresentation that the insurance policy issued by plaintiff on one Ludwig's automobile was properly canceled by defendant in behalf of Ludwig as of August 24, 1972. Because we find no duty owing by the Bank to plaintiff with respect to such cancellation and that, in any event, plaintiff was equally negligent, we affirm the holding of Trial Term (100 Misc 2d 228) that defendant is not liable to indemnify plaintiff for its loss on the policy occasioned by an accident in September, 1972.

On June 19, 1972 Shelva Ludwig arranged through an insurance agent, Duane Zonneville, to sign a contract with the defendant Broadway Bank and Trust Company, whereby the defendant undertook to finance the premium on an automobile liability policy for Ludwig to be issued by plaintiff Home Mutual Insurance Company through the assigned risk pool. The policy was to run for one year from June 22, 1972. Ludwig agreed with defendant Bank to make monthly payments in repayment of the premium advanced by it and the finance charges thereon; the Bank agreed to pay to plaintiff the premium on the policy, and it did so, in the sum of $294. Under the contract, if Ludwig defaulted in making monthly payments to the Bank on the indebtedness, the Bank was authorized in behalf of Ludwig to ask plaintiff insurance company to cancel the policy and pay the return premium to defendant as a credit on Ludwig's indebtedness to it.

Ludwig failed to make the payment due to the Bank on July 19, 1972 and so was in default on the contract with the Bank. On July 21, 1972 the Bank sent to Ludwig a form notice of default, requesting payment under threat of cancellation of the policy as of August 24, 1972. The notice was also sent to Ludwig's insurance agent but not to plaintiff, the insurance company. Apparently Ludwig failed to heed the notice to make the agreed payments to the Bank, and so on August 21, 1972 the Bank again sent a similar notice to Ludwig; except that on this form notice a box was checked showing that the insurance policy would be canceled by the Bank on behalf of Ludwig as of August 24, 1972 unless payment were made. A copy of this notice was also sent to Ludwig's agent and to plaintiff.

It is stipulated that the notice of cancellation to Ludwig did not comply with section 576 (subd 1, par [a]) of the Banking Law, because it was not a 10-day unconditional notice of cancellation. Nevertheless, defendant Bank asked plaintiff for return of the unearned portion of the premium as of August 24, 1972 on the assumption that the policy was effectively canceled as of that date, and on September 27, 1972 plaintiff sent its check to Ludwig's insurance agent, Zonneville, in the sum of $243, constituting the return of the assumed unearned part of the premium.

In the meantime, on September 21, 1972 Ludwig was involved in an accident while operating the insured automobile. Plaintiff was called upon to defend Ludwig by reason of the accident and the policy. Although plaintiff disclaimed, it was held liable on the policy and eventually settled the claim for $25,000. It then instituted this action against the Bank for damages for defendant's alleged negligent misrepresentation to plaintiff that the policy had been canceled as of August 24, 1972. The Trial Justice held that defendant violated its duty to plaintiff and is liable to plaintiff for negligent misrepresentation, but that plaintiff suffered no loss by reason of defendant's negligence, except for the unearned premium in the sum of $243 which defendant had returned to Ludwig's agent, and Trial Term granted judgment to plaintiff for that amount (Home Mut. Ins. Co. v Broadway Bank & Trust Co., 100 Misc 2d 228, 236). Defendant has not pleaded that it did not receive the $243 refund, and it has not cross-appealed.

Plaintiff contends that were it not for defendant's negligence in failing effectively to cancel the policy, plaintiff would not have been liable thereon and hence that it is entitled to damages in the sum of $25,000 which it paid in settlement of the injuries Ludwig caused in the accident of September 21, 1972 and is also entitled to be reimbursed for its expenses in the sum of $4,779.46 in defending against the claim. Defendant argues that it had no duty to plaintiff, and that plaintiff's alleged damages of $29,779.46 are not causally related to defendant's negligence.

Some of the principles of law expressed in Glanzer v Shepard (233 NY 236), International Prods. Co. v Erie R. R. Co. (244 NY 331, 338-339), Moch Co. v Rensselaer Water Co. (247 NY 160), Ultramares Corp. v Touche (255 NY 170), White v Guarente (43 NY2d 356), and in sections 552 and 552A of the Restatement, Torts 2d (negligent misrepresentation) are appli-

cable herein. A study of those references shows that the essential question before us is whether the defendant owed any duty to the plaintiff, entitling plaintiff to rely on defendant's action, and that, of course, depends upon their relationship.

Here the Bank entered into a financial contract relationship with Ludwig, the insured. The Bank advanced the insurance premium on the policy which plaintiff issued to Ludwig, and by virtue of the financing contract with Ludwig the Bank was entitled, upon Ludwig's default, to protect itself to the extent of requesting plaintiff to terminate the policy and return the unearned premium as a credit on Ludwig's indebtedness to the Bank. Whether or not Ludwig made the installment payments on the contract with the Bank, the policy would continue in force unless canceled by plaintiff or defendant. The financing contract provides that any default thereunder shall constitute an "election" by the insured to cancel the policy and authorizes the Bank "irrevocably" to cancel it. In attempting to effect cancellation of the policy, the Bank clearly was acting as Ludwig's agent pursuant to its appointment in the financing contract as Ludwig's attorney in fact (Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427, 434; Dyer v Great Eastern Ins. Co., 41 AD2d 581).

Defendant negligently attempted to protect its financial interest by giving inadequate notice of cancellation of the policy. Since the policy, therefore, remained in effect, defendant was not entitled to have returned to it what was believed to be the unearned portion of the premium. Because the policy remained in effect and Ludwig had an accident with the insured vehicle on September 21, 1972, plaintiff was required to defend and pay the damages caused. Had defendant Bank given sufficient notice for termination of the policy, obviously plaintiff would not have been obligated to defend and pay the damages resulting from the accident which later occurred. Defendant, therefore, was properly held not entitled to any premium refund on the policy. Plaintiff having refunded part of the premium to defendant under a mistake of fact, the court properly required defendant to return such refund. The question presented on this appeal is whether defendant owed a duty to plaintiff upon which plaintiff can base a claim for defendant to indemnify it for its loss and expenses occasioned because the Ludwig policy was not canceled.

In Glanzer v Shepard (233 NY 236, supra) defendant was

held liable because his negligent performance of a duty to one who had employed him damaged another, who was among those contemplated to be protected by defendant's performance and who defendant should reasonably have known would rely on his performance. The negligent act of a defendant is not actionable, however, unless it is "expressed directly, with knowledge or notice that it will be acted upon, to one to whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all" *(White v Guarente,* 43 NY2d 356, 363, *supra;* see, also, *Ultramares Corp. v Touche,* 255 NY 170, *supra; Moch Co. v Rensselaer Water Co.,* 247 NY 160, *supra; Everson v First Trust & Deposit Co.,* 46 AD2d 722; Restatement, Torts 2d, § 552).

The Bank had no duty to the plaintiff insurance company. It was not an agent of plaintiff in any respect. It was acting as attorney in fact for Ludwig and was also acting, although negligently, as its own principal in its own interest. Because it had no duty to defendant, the holdings in *International Prods. Co. v Erie R. R. Co.* (244 NY 331, 338-339, *supra)* and *Glanzer v Shepard* (233 NY 236, *supra)* are not directly applicable. Had one of defendant's employees, fortuitously, failed to mail an otherwise valid notice of cancellation, plaintiff would have continued on the policy and would clearly have had no right of action against defendant. Once the plaintiff received defendant's abortive notice of cancellation, it had some reason to expect that it would soon be off the risk, i.e., as of August 24, 1972. Nevertheless, it had no right to rely on the sufficiency of the Bank's cancellation notice to Ludwig, a copy of which was sent to the plaintiff. The plaintiff knew or should have known the technical aspects of such notices; and to be sure that it was off the risk, if indeed it wished to be despite the fact that the premium had been paid, it had its own responsibility to make certain that proper notice of cancellation was given. Its failure to attend to the propriety of the cancellation would at least render it contributorily negligent and bar its recovery from defendant (see Restatement, Torts 2d, § 552A).

The four out-of-State decisions discussed and relied upon by the trial court *(Max Holtzman, Inc. v K & T Co.,* 375 A2d 510, 514-515 [DC CA]; *A.I.D. Ins. Servs. v Riley,* 25 Ariz App 132; *Julien v Spring Lake Park Agency,* 283 Minn 101; *Lumbermens Mut. Ins. Co. v Bowman,* 313 F2d 381) are cases in which an agent for the insurance company acted in error. In

holding the agents liable to their respective principals, to wit, the insurance companies, the courts also ruled that the agents need not indemnify the companies for their losses under the insurance policies but were liable only for the differences in the premiums which should have been paid for the policies. The courts reasoned that the companies would have written the policies anyway despite the mistakes and thus would have been subject to the risks had the agents not erred. In other words, the agents' errors were not the proximate cause for the companies' losses under the policies *(Max Holtzman, Inc. v K & T Co., supra)*.

Because defendant was not an agent of plaintiff in any respect, those cases are not precisely in point on the principal issue herein. Their only relevance to this case is that they point up the limits of plaintiff's rights herein. Because plaintiff had issued the policy to Ludwig for one year and had received the entire premium therefor, it had undertaken the policy risk and had no reason to cancel it. The Bank's ineffective attempt to cancel the policy failed to terminate it; but had the Bank not made the attempt, plaintiff would have continued the policy anyway. Thus plaintiff suffered no legal damage by reason of defendant's error, except for the refund of the unearned premium made under the mistake of fact that the policy had been canceled. Plaintiff's loss was occasioned by its own assumption of the risk in issuing the policy; and the trial court properly held that it was only entitled to the return of the refunded portion of the premium.

The judgment should, therefore, be affirmed.

CARDAMONE, J. P., SCHNEPP, CALLAHAN and MOULE, JJ., concur.

Judgment unanimously affirmed, with costs.