Meyer, J.
(dissenting). Reliance by the majority here and by the Appellate Division upon Dorsey Prods. Corp. v United States Rubber Co. (21 AD2d 866, 867, affd 16 NY2d 925) is misplaced for several reasons. First, the negligent representation was that the bank’s policy, which was sent to Edwards on November 13, 1978 and approved by him, would be thereafter transferred to cover him, whereas in fact it was canceled by the bank on November 15, 1978. That transaction with Edwards took place more than a month after the contract and mortgage were signed and, therefore, unlike the warranty disclaimed in Dorsey, which preceded the distributorship agreement there involved, is not barred by the merger clause in the contract. The fact that the postcontract representation had its genesis in a luncheon conversation prior to the contract closing is immaterial, for it was the postcontract events which gave rise to the obligation to transfer.
Second, the insurance obligation undertaken by Edwards was to “keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee”. There is no inconsistency between that provision and the subsequent agreement by the bank’s officer to cause the policy, after approval by Edwards, to be transferred to cover Edwards and the bank and, consequently, no violation of the contract provision against oral change of the contract. Cases such as Nassau Trust Co. v Montrose Concrete Prods. Corp. (56 NY2d 175) and Imperator Realty Co. v Tull (228 NY 447) establish that if it is proven that the bank agreed to waive Edwards’ obtaining a policy of insurance, it could not take advantage of his default in doing so, induced by its consent. That being so it is difficult to see why the bank *820 should not be held for its negligent failure to transfer the policy, that failure having resulted in Edwards sustaining an uninsured fire loss.
The moving papers raise factual issues sufficient, if proved, to establish a claim under White v Guarente (43 NY2d 356, 363) for negligent misrepresentation, and nothing in either the contract or mortgage bars that claim. The order of the Appellate Division should, therefore, be reversed and the counterclaim should be reinstated.
Order affirmed, etc.