OPINION OF THE COURT
David O. Boehm, J.
This case presents a novel issue which apparently has not been addressed by a court in this State, that is, whether an agent may be held personally liable for negligent misrepresentation to one who, in reliance upon such representations, enters into a contractual relationship with the agent’s principal.
The plaintiffs, Edward Mathis and Regina Mathis, are officers of plaintiff Climate Equipment and Supply Company, Incorporated (hereafter Climate). The defendants, Anthony Yonda and Marguerite Yonda, are president and treasurer, respectively, of defendant, Yondata Corporation (hereafter Yondata). Defendant Lincoln Leaseway, Incorporated, is not a party to this motion.
Since 1969, Yondata has been in the business of furnishing computer systems to businesses. In June, 1976, Yon-data agreed to provide data processing, services to Climate *384 on a time-sharing basis. A year later, Climate informed Yondata that it intended to cancel the time-sharing arrangement because of repeated failures by Yondata to provide service. In response, Anthony Yonda requested that Edward Mathis meet with him and other Yondata representatives to discuss and resolve their problems. At this meeting certain representations and promises, plaintiffs claim, were made to Edward Mathis by the Yondas.
Specifically, the complaint alleges that in order to induce the plaintiffs to purchase computer hardware and software from the defendants, and to continue their data processing arrangement with the defendants, the defendants promised and/or represented that Yondata was about to become a franchisee of Digital Equipment Corporation (hereafter DEC), which would enable the defendants to sell the plaintiffs a new DEC computer plus software to duplicate the existing time-sharing program for $38,000; that Yondata would retain the DEC computer ordered for the plaintiffs for one year to permit the development by Yondata of the software necessary for plaintiffs’ use and, that during the one-year period Yondata retained the computer, Yondata would provide expanded data processing services without the problems the plaintiffs previously experienced, at no additional charge to the plaintiffs. The defendants represented that the offer they were making was far better and more advantageous for the plaintiffs than could be obtained elsewhere.
In reliance upon these representations, Climate says it entered into a contract with Yondata. Climate borrowed $38,000 from Lincoln Leaseway to pay Yondata for the computer and software, and Edward and Regina Mathis signed a personal guarantee for the loan. The plaintiffs, however, never received the computer and the problems in connection with the data processing arrangement persisted.
Thereafter, the plaintiffs commenced this action and asserted eight causes of action against the defendants arising out of this transaction.
The first cause of action is for fraud and is asserted against Yondata and the Yondas individually; the second and fourth are for breach of contract against Yondata only; *385 the third is based upon negligent misrepresentation against all the defendants; the fifth and sixth are for tortious interference with contract rights against all the defendants; the seventh, for fraud, and the eighth for conversion and for failure to honor an oral agreement to assume the debt of the plaintiffs, are also brought against all defendants.
In this motion the defendants seek summary judgment against the plaintiffs. The Yondas’ argument in support of their motion is that they acted solely as agents of Yondata and therefore assumed no personal liability. Yondata’s position is that it was discharged in bankruptcy in April, 1980, and, therefore, the actions against it must also be dismissed. The defendants further attack that portion of the eighth cause of action which seeks to enforce the oral agreement to assume the plaintiffs’ debt as being void under the Statute of Frauds. Marguerite Yonda seeks a dismissal as to her for failure of the complaint to set forth any wrongful conduct on her part. Alternatively, defendants move that in the event summary judgment is not granted, the claims of Edward and Regina Mathis be dismissed since no injury accrued to them.
At the argument of the motion, the actions against Yondata were dismissed. Also dismissed were the actions for tortious interference with contract rights, and that portion of the eighth cause of action seeking enforcement of the oral agreement by the defendants to assume the plaintiffs’ debt. The defendants’ motion for summary judgment was denied as to the first and seventh causes of action brought against the Yondas individually and based on fraud, and also as to the conversion action against the Yondas brought in the eighth cause of action. Decision was reserved as to the eighth cause of action. Decision was reserved as to the motion brought against the third cause of action for negligent misrepresentation. Lastly, the motion to dismiss the actions on behalf of Edward and Regina Mathis individually was denied, as was the motion to dismiss the actions brought against Marguerite Yonda.
The third cause of action, for negligent misrepresentation, alleges that the promises and representations made by the defendants “were the result of acts or failures to act *386 constituting negligence and/or gross negligence.” The complaint further alleges that the representations were made for the purpose of guiding the plaintiffs in certain aspects of their business in an area where they possessed less knowledge than the defendants, and that in making such representations the defendants neglected to exercise due care.
In the action for negligent misrepresentation, all of the allegations upon which the fraud causes of action are based are realleged. Most of those allegations are not applicable to the negligent misrepresentation action, however, because they allege intentional conduct on the part of the defendants. Nonetheless, it is claimed that the defendants were legally unable to deliver the computer to the plaintiffs because of contract restrictions imposed by DEC. From this it is inferred that the defendants were negligent by not ascertaining beforehand their ability to perform under the contract. There are also a number of allegations which suggest that the state of the defendants’ business operations was such that they should have known of their own inability to perform their contract obligations. In this regard, the complaint alleges that the defendants did now have the necessary personnel, expertise or facilities to develop the software for the plaintiffs; that the defendants lacked sufficient capital to purchase a demonstrator computer without the plaintiffs’ investment and that. they needed the capital and computer to help operate their business and sell computer services to other customers.
In response, the Yondas contend that as agents they owed no duty to the plaintiffs who bore a contractual relationship with the Yondas’ principal, Yondata. Before an agent may be answerable in negligence to a third party, they argue, there must be some duty owing to that third party by the agent.
The law is well settled that where an agent is guilty of active negligence or misfeasance, he is liable to the person injured, regardless of whether his conduct was committed within or outside the scope of his employment (Jones v Archibald, 45 AD2d 532, 535; Rhynders v Greene, 255 App Div 401, 402; Greco v Levy, 257 App Div 209, affd 282 NY 575; see, generally, 3 NY Jur 2d, Agency and Independent *387 Contractors, §§ 285, 286). Where, however, the claimed negligence consists only of nonfeasance in failing to perform a duty owing to the principal, the person injured has a cause of action only against the principal and not against the agent (Greco v Levy, 257 App Div 209, affd 282 NY 575, supra; see, generally, 3 NY Jur 2d, Agency and Independent Contractors, §§ 285, 286). Thus, an agent is hable for injury to third persons when he breaches some duty he owes to such third person (Connell v Hayden, 83 AD2d 30, 50; Michaels v Lispenard Holding Corp., 11 AD2d 12). The mere fact that the injured person has a contractual relationship with the agent’s principal does not insulate the agent from liability for his wrongful act (see Bailey v Diamond Int. Corp., 47 AD2d 363).
A cause of action for negligent misrepresentation has been recognized in New York for many years (White v Guarente, 43 NY2d 356; Ultramares Corp. v Touche, 255 NY 170; Glanzer v Shepard, 233 NY 236). “Liability in such cases arises only where there is a duty, if one speaks at all, to give the correct information * * * There must be knowledge or its equivalent that the information is desired for a serious purpose; that he to whom it is given intends to rely and act upon it; that if false or erroneous he will because of it be injured in person or property. Finally, the relationship of the parties, arising out of contract or otherwise, must be such that in morals [or] good conscience the one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care.” (International Prods. Co. v Erie R.R. Co., 244 NY 331, 338; see, also, White v Guarente, supra, pp 362-363; 6B Warren, NY Negligence, Misrepresentation, §3.01.)
The duty to speak with care need not be stated in terms of contract or privity since it is a duty imposed by law (see White v Guarente, supra, pp 361-362; Glanzer v Shepard, 233 NY 236, 239, supra; see, also, 1 NY PJI2d 2:230, and 1 NY PJI2d 545).
To support a cause of action for negligent misrepresentation there must exist between the parties a special relationship of trust closer than that of the ordinary buyer and *388 seller (Everson v First Trust & Deposit Co., 46 AD2d 722; Dorsey Prods. Corp. v United States Rubber Co., 21 AD2d 866, affd 16 NY2d 925). Such cause of action has been held to exist as between parties to contracts (see International Prods. Co. v Erie R. R. Co., supra [bailment]; Coolite Corp. v American Cyanamid Co., 52 AD2d 486 [distribution agreement]). In fact, subdivision (1) of section 552 of the Restatement of Torts, Second, provides: “One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.”
While the defendants are correct in their observation that none of the cases involving negligent misrepresentation cited by the plaintiffs (see, e.g., International Prods. Co. v Erie R.R. Co., 244 NY 331, supra; Bivas v State of New York, 97 Misc 2d 524; Bankers Trust Co. v Steenburn, 95 Misc 2d 967), establish the existence of a duty on the part of an agent to the party contracting with his principal, no authority has been submitted to or found by this court which holds that such a duty may not be imposed upon an agent. In fact, although this issue was not addressed by the court in Nichols v Clark, MacMullen & Riley (261 NY 118), the plaintiff in that case brought suit against both a corporate engineering firm and its individual engineers for negligent misrepresentation. As a matter of sound policy, there is no good reason why an agent should be permitted to use the agency relationship as a shield against liability to a third party for a wrongful act the agent has deliberately committed, regardless of whether he was acting at the time within the scope of his employment (see Matter of Pausner, 104 Misc 2d 652, 653). Nor does there appear to be any basis for distinguishing this theory of negligence from any other for which an agent may be held liable.
The complaint alleges that the defendants “failed and neglected to exercise due care and competency in communicating said promises, representations and warranties to *389 Plaintiffs,” and, that such promises, representations and warranties “were made to Plaintiffs for the purpose of guiding Plaintiffs in certain aspects of Plaintiffs’ business and in an area in which Plaintiffs possessed less knowledge than Defendants.” Although no special relationship is expressly alleged in the complaint, such a relationship may be reasonably inferred from a fair reading of the complaint, (see Home Mut. Ins. Co. v Broadway Bank & Trust Co., 100 Misc 2d 228,234, affd 76 AD2d 24, affd 53 NY2d 568). Here the relationship is sufficient to impose a duty upon the Yondas to “speak with care” (see Coolite Corp. v American Cyanamid Co., 52 AD2d 486, 488-489, supra).
Defendants’ motion for summary judgment as to the third cause of action is, accordingly, denied.
At argument, defendants’ motion to dismiss all causes of action against Marguerite Yonda was denied on the ground that the general allegations contained in the complaint (i.e., “promises, representations and warranties made by Defendants and their agents, officers, employees and representatives”) are sufficient to state a cause of action against her. The motion was denied without prejudice to renew after discovery has been completed. In their memorandum of law, defendants have asked the court to reconsider its determination, based on the authority of Lanzi v Brooks (54 AD2d 1057). In that case, however, the allegations in the complaint were legally insufficient; in one cause of action there was no allegation of a present intention to deceive, and in the other the claimed representation was an expression of opinion rather than one of fact. In the complaint here, however, the defect which is raised as a basis for dismissal does not go to the substance of the alleged misrepresentation and the complaint may be deemed to allege that Marguerite Yonda was, as an agent, involved in the representations made to the plaintiffs. Such allegations may reasonably be implied from a fair reading of the complaint (see Schlottman Agency v Aetna Cas. & Sur. Co., 70 AD2d 1041; Matter of Horton v Hongisto, 70 AD2d 1040). Accordingly, the court adheres to its prior decision (see Siegel, NY Prac, § 216, p 257).