■ DEVEN LITHOGRAPHERS, INC., Respondent, v EASTMAN KODAK COMPANY, INC., Appellant, et al., Defendant. [604 NYS2d 563] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered November 12, 1992, which, *inter alia,* denied defendant-appellant summary judgment dismissing plaintiff's cause of action for breach of the implied warranty of fitness for a particular purpose and granted defendant summary judgment on its counterclaims for breach of contract on the issue of liability, unanimously modified, on the law, to deny defendant summary judgment on its counterclaims, and otherwise affirmed, without costs.

Plaintiff has properly pleaded and sufficiently supported a cause of action for breach of the implied warranty of fitness for a particular purpose (UCC 2-315). The language of defendant's "Statement of Responsibility" affixed to the packaging of the lithographic plates that plaintiff claims were not compatible with its business operations is ambiguous, in that it could be interpreted as limited to a disclaimer of liability arising out of a defect in the goods or negligent handling, and does not alert or call the reader's attention to the exclusion of any warranty of fitness for a particular purpose *(see,* UCC 2-

316 [2], [3]; *Communications Groups v Warner Communications,* 138 Misc 2d 80, 86). Moreover, to interpret such general language as negating the implied warranty of fitness for a particular purpose would be inconsistent with the nature of the exclusive use contract negotiated by the parties *(see,* UCC 2-316 [1]).

As for plaintiff's cross appeal, notwithstanding the exclusive use agreement, the record shows nothing more than an arm's length transaction between two business entities. There being no special relationship between the parties, plaintiff's cause of action for negligent misrepresentation was properly dismissed *(see, Dorsey Prods. Corp. v United States Rubber Co.,* 21 AD2d 866, 867, *affd* 16 NY2d 925). It was error, however, to grant defendant summary judgment on its counterclaim for the value of the equipment forwarded to plaintiff. Plaintiff's claim that defendant's agreement to forward such equipment was promotional and merely an inducement for plaintiff to agree to use defendant's plates exclusively is supported, in part, by the statements of defendant's own representative, including that the plate supply agreement was worth many times the value of the equipment. There is also an issue as to whether plaintiff's performance of the contract was excused by defendant's alleged breach of warranty.

We have considered the remaining arguments raised by the parties, and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Nardelli, JJ.