**Steven A. COHEN, Plaintiff,**

v.

**ACORN INTERNATIONAL LTD., Geller Partners, Incorporated, Robert E. Gillis and Jeffrey L. Geller, Defendants.**

**No. 94 Civ. 6394 (SAS).**

United States District Court, S.D. New York.

June 10, 1996.

---

Douglas H. Meal, Luke T. Cadigan, Ropes & Gray, Boston, Massachusetts, for plaintiff.

William Dunnegan, New York City, for defendants.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

Defendants Acorn International Ltd. ("Acorn"), Geller Partners, Inc. ("Geller Partners"), and Jeffrey L. Geller ("Geller") (together, "Defendants") move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss a number of Plaintiff's claims for failure to state a claim upon which relief can be granted.[1] For the reasons set forth below, the motion is granted in part and denied in part.

---

1. Defendants' motion also sought summary judgment for the Geller Defendants as to Count II of the Complaint. At a January 5, 1996 status conference, the parties agreed to separate the motion for summary judgment from the 12(b)(6) motion.

## I. Factual Background

In early 1993, Deran Holding Company ("DHC") was incorporated in Delaware for the purpose of acquiring from Borden the assets of Borden's candy division. Complaint ("Cplt.") ¶ 20. At the time of DHC's incorporation, Defendant Acorn was its sole shareholder. *Id.* ¶ 21.

On April 8, 1993, Plaintiff Steven A. Cohen ("Cohen") purchased 60% of DHC's common stock for three million dollars. *Id.* ¶ 27. On the same day, DHC completed its acquisition of Borden's candy division. *Id.* ¶ 28. Defendant Geller acted as Acorn's financial advisor with respect to these two transactions. *See* Defendants' Exhibit ("Def.Ex.") D, Exhibit Book to Defendants' Motion to Dismiss and for Summary Judgment.[2] During this time, Defendant Robert E. Gillis was Acorn's Chairman and Chief Executive Officer. *See* Cplt. ¶ 5.

By early 1994, DHC had incurred substantial operating and net losses. *Id.* ¶ 10. As a result, DHC defaulted on its senior loan, filed for bankruptcy, and ceased its business operations. *Id.* On February 28, 1994, DHC filed a multi-million dollar action against Borden, alleging, *inter alia,* breach of contract, misrepresentation, and fraud. That action has since been settled and dismissed.

The instant action was filed in September 1994, alleging securities fraud, common law fraud, and negligent misrepresentation. Plaintiff alleges that Defendants solicited his purchase of the DHC securities by means of false and misleading investment materials which they prepared for his use. *See* Cplt. ¶¶ 7–8, 80.

The Complaint contains four counts. Count I alleges misrepresentation or omission of a material fact, in violation of § 12(2) and § 15 of the Securities Act of 1933, 15 U.S.C. § 77*l* (2) and 15 U.S.C. § 77*o*, respectively. Count II asserts similar misconduct under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5. Count III alleges common law fraud, and

Count IV asserts a claim of negligent misrepresentation.

Defendants argue that in light of the recent decision of the U.S. Supreme Court in *Gustafson v. Alloyd Co., Inc.,* 513 U.S. 561, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995), all claims under Count I should be dismissed. Further, Defendants contend that the claims in Count II should be dismissed to the extent that they assert "aiding and abetting" claims against Geller and Geller Partners, citing another recent Supreme Court decision, *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). Defendants also move to dismiss Counts II and III to the extent that the claims are inconsistent with the claims asserted by DHC against Borden in the Massachusetts state action. Finally, Defendants seek dismissal of Count IV, the negligent misrepresentation claims, as against Geller and Geller Partners because Plaintiff fails to allege privity or a special relationship between Plaintiff and the Geller Defendants.

## II. Legal Standard

In evaluating a motion to dismiss, a court must accept as true all factual allegations in the complaint. *See Cohen v. Koenig,* 25 F.3d 1168, 1171–72 (2d Cir.1994). The court must also draw every reasonable inference in favor of the non-moving party. *See Allen v. West-Point–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991). Additionally, a court may not dismiss a complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Generally a court may take into consideration only those facts which appear in the complaint, but it may also consider documents which are integral to plaintiff's claims. *See I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.,* 936 F.2d 759, 762 (2d Cir. 1991).

The engagement letter between Acorn and Geller, submitted by the Defendants, is "integral" to Plaintiff's claims.[3]

---

2. Defendants are not moving for summary judgment at this time. *See* note 1, *supra.*

3. It makes no difference that the letter was submitted by Defendants, rather than Plaintiff.

The Complaint alleges that Geller Partners acted as a financial advisor to Acorn and/or DHC. Cplt. ¶ 4. Plaintiff also claims that Geller Partners was motivated by its own financial interest in soliciting him to purchase the DHC securities. *Id.* ¶ 74. "An appended document will be read to evidence what it incontestably shows once one assumes that it is what the complaint says it is (or, in the absence of a descriptive allegation, that it is what it appears to be)." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir.1995). The engagement letter submitted by the Defendants appears to contain the agreement between Geller and Acorn/DHC. In addition, "[t]o the extent that the written document contradicts the allegations in the complaint, the former controls." *Ferber v. Travelers Corp.*, 802 F.Supp. 698, 702 (D.Conn.1992) (quoting *In re First Chicago Corp. Sec. Litig.*, 769 F.Supp. 1444, 1450 (N.D.Ill.1991)). However, Plaintiff is not precluded from demonstrating that the terms in the letter are contradicted by the actual conduct of the parties. *Cf. Gant*, 69 F.3d at 675 (by attaching a document to a complaint, a plaintiff does not admit as true all assertions contained therein).

### III. *Analysis*

#### A. *Intervening Supreme Court Cases*

■ The Supreme Court recently eliminated private causes of action under § 12(2) of the Securities Act of 1933. *See Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, ——— ———, 115 S.Ct. 1061, 1073–1074, 131 L.Ed.2d 1 (1995). Therefore, Count I of the Complaint must be dismissed.

■ Similarly, Count II is dismissed to the extent that the claims therein rely upon an "aiding and abetting" theory against Defendants Geller and Geller Partners. In *Cen-*

*tral Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994), the Supreme Court abolished private causes of action against aiders and abettors under § 10(b) of the Securities Exchange Act of 1934.[4]

#### B. *Massachusetts State Action*

■ Defendants seek to dismiss Counts II and III to the extent that those claims are inconsistent with the claims made by DHC against Borden in the Massachusetts state action. Defendants cite no authority for this proposition. Though both actions involve essentially the same facts and the same parties (with the exception of Borden), the claims are not mutually exclusive.

Plaintiff alleges in this action that he was a victim of fraud by Acorn, Gillis, Geller, and Geller Partners. In the Massachusetts action, DHC alleged it was a victim of Borden's fraud. Though the claims are similar, the parties are distinct. The claims made by DHC against Borden in the Massachusetts action do not preclude Cohen from making other claims against different defendants in this forum.

In short, the motion to dismiss these counts is not supported by any authority. Dismissal of the claims at this stage of the litigation would be premature. The motion as to Counts II and III is denied.[5]

#### C. *Lack of Special Relationship*

■ Finally, the Geller Defendants move to dismiss the claims of negligent misrepresentation in Count IV. Under New York law, which the parties concede controls, contractual privity (or a relationship so close as to be its functional equivalent) must be present in order to state a claim for negligent misrepresentation. *See Ossining Union*

---

Where a "plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." *I. Meyer*, 936 F.2d at 762 (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1327 (1990)).

**4.** Count II also asserts misrepresentation or omission of a material fact claims against all Defendants (under § 10(b) of the Exchange Act of 1934 and Rule 10b–5 promulgated thereun-

der). However, plaintiff may not rely on the "aiding and abetting" theory as alleged against the Geller Defendants. The claim of a violation of § 20 of the Exchange Act against Gillis and Geller also remains intact.

**5.** The majority of the claims under Count II are unaffected by this decision. *See* note 4 *supra.* Count III, alleging common law fraud against all Defendants, is similarly unaffected.

*Free School Dist. v. Anderson LaRocca Anderson,* 73 N.Y.2d 417, 419, 541 N.Y.S.2d 335, 539 N.E.2d 91 (1989). Courts have not hesitated to dismiss negligent misrepresentation claims where the complaint is defective as to the allegations of privity or a special relationship. *See In re Time Warner Inc. Sec. Litig.,* 9 F.3d 259, 271 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1397, 128 L.Ed.2d 70 (1994).

■ Plaintiff does not allege either contractual privity or a special relationship with the Geller Defendants in the Complaint. A court may, however, reasonably infer the requisite special relationship from a fair reading of the complaint. *See Mathis v. Yondata,* 125 Misc.2d 383, 480 N.Y.S.2d 173, 178 (Sup.Ct., Monroe Co.1984); *Home Mut. Ins. Co. v. Broadway Bank & Trust Co.,* 100 Misc.2d 228, 417 N.Y.S.2d 856, 860 (Sup.Ct., Monroe Co.1979), *aff'd,* 76 A.D.2d 24, 429 N.Y.S.2d 948 (4th Dep't 1980), *aff'd,* 53 N.Y.2d 568, 444 N.Y.S.2d 436, 428 N.E.2d 842 (1981). The court may make this inference from the facts in the complaint, along with the facts from other documents which are integral to the plaintiff's claim. *See I. Meyer,* 936 F.2d at 762; *see also Cortec Indus., Inc. v. Sum Holding, L.P.,* 949 F.2d 42, 47–48 (2d Cir.1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992).

■ The letter of engagement between Defendants Geller and Acorn, submitted by Defendants, is clearly integral to Plaintiff's claims. The Complaint contains several allegations which are directly refuted by the engagement letter. For example, the Complaint alleges that Geller Partners acted as a financial advisor to Acorn and/or DHC. Cplt. ¶ 4. However, the engagement letter explicitly states that the advisory agreement was between Acorn and Jeffrey L. Geller individually. *See* Def.Ex. D. Further, the letter states that "Geller acknowledges that he has no power or authority to make any representations regarding Acorn, Deran Holdings, Inc. or the Deran Confectionery Company." *Id.* ¶ 3. Geller was simply an advisor to Acorn. There is no showing of any relationship at all, prior to the April 8, 1993 transactions, between Defendant Jeffrey L. Geller and Plaintiff Cohen.

In fact, Plaintiff alleges that he was not informed prior to making his investment in DHC that "Geller had a substantial management role at Acorn and would play a substantial role in managing DHC's business." Cplt. ¶ 65. Plaintiff essentially admits that prior to his purchase of the DHC securities, he knew nothing of Geller, and had no relationship with him. It follows that if Geller individually had no "special" relationship with Plaintiff Cohen, then Geller Partners could not have had a relationship with Cohen either.

The allegations and facts in the Complaint, combined with the facts in the engagement letter between Acorn and Jeffrey L. Geller, fail to show the existence of a special relationship between Cohen and the Geller Defendants. Count IV as against Geller and Geller Partners is dismissed without leave to amend.

### IV. *Conclusion*

For the reasons set forth above, Defendants' motion is granted in part and denied in part.

SO ORDERED.